475 So.2d 719 (1985)
HCA OF FLORIDA, INC., d/b/a Doctors Hospital of Sarasota, Petitioner,
v.
Gary R. COOPER, M.D., Respondent.
No. BH-9.
District Court of Appeal of Florida, First District.
September 5, 1985.
Robert R. Vawter, Jr., and Frank R. Jakes of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioner.
Richard T. Jones of Jones & Carter, Gainesville, for respondent.
PER CURIAM.
This cause is before us on petition for a writ of certiorari seeking review of a trial court's order requiring the production of certain medical review committee records.
The trial court correctly held that the "arising out of" requirement of Section 768.40(4), Florida Statutes (1983),[1] has not *720 been met, and thus the statutory privilege was inapplicable.
However, as the Third District Court of Appeal concluded in Dade County Medical Association v. Hlis, 372 So.2d 117, 119 (Fla. 3d DCA 1979), "even without a pertinent statute" such records and reports may not be subject to discovery. In Dade County Medical Association, the court held (372 So.2d at 121):
By this decision, we do not establish a general common-law "privilege" of non-disclosure of documents of the character involved in this case, much less indicate the parameters of such a privilege. We hold merely that in view of what has been called "the overwhelming public interest in maintaining the confidentiality" of such records, the defendants have not made the "showing of exceptional necessity" or of "extraordinary circumstances" which is required to justify their production. [citations omitted]
The Fourth District has adopted this rule in Segal v. Roberts, 380 So.2d 1049 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980), holding:
Although the statute is not applicable in this case, we nevertheless hold, as did the Third District in Dade County Medical Association v. Hlis, 372 So.2d 117 (Fla. DCA 1979), that many of the matters sought here are not subject to discovery as a matter of public policy. The arguments in favor of confidentiality of the records and proceedings of a medical review committee are so compelling that discovery should be allowed only in the most necessitous circumstances. We cite with approval the opinion by Judge Alan Schwartz in the Dade County Medical Association case, supra; for an apt analysis of this point.
Likewise, we adopt the rule as stated in Dade County Medical Association and conclude that respondent has failed to show "exceptional necessity" or "extraordinary circumstances," which are required to justify the production of medical review committee records. Compare Mercy Hospital v. Department of Professional Regulation, Board of Medical Examiners, 467 So.2d 1058 (Fla. 3d DCA 1985).
Accordingly, the petition for writ of certiorari is granted, and the discovery order below is quashed.
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.
NOTES
[1] Section 768.40(4), Florida Statutes (1983), provides, in pertinent part:

The proceedings and records of committees as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee... . [emphasis added]