## SAPP, etc. v BAY MEDICAL CENTER, et al.

### Case No. 87-71-G

Fourteenth Judicial Circuit, Bay County

November 13, 1987

**APPEARANCES OF COUNSEL**

**Michael C. Overstreet** for Edward Lee Sapp, Personal Representative of the Estate of Andy Lee Sapp.

**Bruce Hill** for defendant, Bay Medical Center.

**Richard Smoak** for defendants, Dr. John M. Gooding and Panhandle Anesthesiologists, Inc.

WILLIAM A. COOPER, JR., Acting Circuit Judge.

Plaintiff, Edward Lee Sapp, has brought a medical malpractice action on behalf of the Estate of Andy Lee Sapp, deceased, against the hospital, Bay Medical Center, and treating physician, Dr. John M. Gooding and Panhandle Anesthesiologists, Inc., alleging that decedent's death was a legal result of negligence on the part of these defendants, because Dr. Gooding was intoxicated at the time he treated defendant and the hospital should have known or did know that Gooding was at the time an impaired physician.

Plaintiff served its notice to produce a wide range of documents upon Gooding and Panhandle, who replied that any such documents would be held by the hospital. The hospital, upon being served with an identical notice to produce, has objected to the production of most of them, whereupon a hearing was conducted, at which time Gooding, who had not previously objected to their production, joined the hospital in its objections.

Several statutes are relevant to this determination:

Sec. 395.011, Fla. Stat. (1986 Supp), requires the hospital to review the qualifications of any applicant seeking staff membership and provides that ". . . (T)he investigations, proceedings, and records of the board as described in this section shall not be subject to discover . . . in any civil action against a provider of professional health services (which would encompass all three defendants) arising out of matters which are the subject of evaluation and review by such board. . . ."

Sec. 395.0115, Fla. Stat. (1985), requires the hospital which has reasonable belief that one or more grounds for discipline under the section may exist with respect to the conduct of any staff member to investigate those grounds. Subsection (4) provides that the investigations, proceedings, and records of the governing board of the hospital shall not be subject to discovery in any civil action against "a provider of professional health services" if the action arises out of ". . . the matters which are the subject of evaluation and review . . ." by the board.

Sec. 395.041, Fla. Stat. (1986 Supp), requires the hospital to establish an internal risk management program, which shall, pursuant to subsection (4), include the use of incident reports (pertaining to adverse incidents causing injury to patients) which ". . . shall be considered to be a part of the work papers of the attorney defending

the establishment in litigation relating thereto and shall be subject to discovery. . . ."

Sec. 458.331, Fla. Stat. (1986 Supp), concerns the practice of medicine and provides that any physician who becomes unable to practice with reasonable skill and certainty because of, *inter alia,* alcoholic impairment, shall be subject to disciplinary action by the Board of Medical Examiners of the Florida Department of Professional Regulation. Upon a finding of probable cause, the department is authorized to issue an order to compel a licensee to submit to a mental or physical examination. If the licensee refuses, a court order from the local circuit court may be obtained mandating such examination. If a petition to enforce an examination is filed, ". . . (T)he licensee against whom the petition is filed may not be named or identified by initials in any public court records or documents, and the proceedings shall be closed to the public. . . ."

Sec. 458.331, Fla. Stat. (1985), applicable at the time this case was filed, provides that upon a finding of probable cause the department shall have authority to compel the physician to submit to the examination, without setting forth the procedure to be followed to enforce, and that ". . . neither the record of proceedings nor the orders entered by the board shall be used against a physician in any other proceeding. . . ."

Sec. 768.40, Fla. Stat. (1985), requires that a medical review committee from the hospital screen, evaluate, and review the professional and medical competence of applicants to and members of the medical staff. Subsection (5) provides that ". . . (T)he investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery . . . in any civil action against (the defendants) arising out of the matters which are the subject of evaluation and review by such committee. . . ."

From a review of these statutes, it is clear that plaintiff is prohibited from discovering the "investigations, proceedings, and records" of Bay Medical Center generated by its governing board or an authorized committee for the purpose of:

1. reviewing the qualifications of Dr. Gooding when he sought staff membership to the hospital (Sec. 395.011);

2. investigating grounds for disciplinary action action against Dr. Gooding (Sec. 395.0115); or

3. evaluating or reviewing the professional and medical competence of Dr. Gooding at any time during his tenure as a staff member of the hospital (Sec. 768.40);

**23**

to the extent that this action "arises out of" the matters which were the subject of the foregoing investigations or procedures. On the other hand, incident reports prepared by the hospital's internal risk management program are not completely privileged, but are considered to be part of the "work papers" of counsel defending the hospital (Sec. 395.041, formerly Sec. 768.41), and therefore subject to the restrictions imposed by Fla.R.Civ.P. 1.280(b)(2), which requires that plaintiff demonstrate (1) that he has need of the incident reports in the preparation of his case, and (2) that he is unable, without undue hardship, to obtain the substantial equivalent of these reports by other means.

To the extent that the hospital may possess copies of documents developed as a result of disciplinary action taken by the Board of Medical Examiners against Dr. Gooding, the language of Sec. 458.331, Fla. Stat. (1985), prohibits their use in this action, and this Court therefore concludes that they, also, are not subject to discovery.

An examination of the law pertaining to this discovery issue cannot end, however, with this statutory review. The Third District Court of Appeals, in *Dade County Medical Association v. Hills,* 372 So.2d 117 (Fla. DCA 1979), recognized an "overwhelming public interest in maintaining the confidentiality" of records developed by medical review committees, which requires that access to these records be denied to all except those few able to show "exceptional necessity" or "extraordinary circumstances" which would justify their production. This rule was adopted by the Fourth District in *Segal v. Roberts,* 380 So.2d 1049 (Fla. DCA 1979), cer. denied, 388 So.2d 1117 (Fla. 1980), and by the First District in *HCA of Florida, Inc. v. Cooper,* 475 So.2d 719 (Fla. DCA 1985). It serves to encompass all documents falling outside the purview of the foregoing statutes, and the foregoing cases make clear that the rule applies to those documents which do not fall into the category of documents generated by investigations or procedures which dealt with matters out of which this action arises.

In accordance with the foregoing, it is therefore

ORDERED AND ADJUDGED that plaintiff's motion to compel be, and the same is hereby, denied. Upon a showing that the burdens imposed by Fla.R.Civ.P. 1.280(b)(2) have been met, plaintiff may discover any incident reports generated by the hospital's internal risk management program's investigation into the matters which gave rise to this lawsuit. Upon a showing of "exceptional necessity" or "extraordinary circumstances" justifying their production, plaintiff may dis-

24

cover any of the documents listed in its request in the possession of the hospital which have to do with events that did not give rise to this litigation.

DONE AND ORDERED in Chambers at Panama City, Bay County, Florida, this 13th day of November, 1987.