569 So.2d 895 (1990)
GOOD SAMARITAN HOSPITAL, INC., for the Use and Benefit of the Florida Hospital Trust Fund and the Florida Hospital Excess Trust Fund B, Petitioners,
v.
AMERICAN HOME PRODUCTS CORPORATION, a Foreign Corporation, and Wyeth Laboratories, Inc., a Foreign Corporation, Respondents.
No. 90-2534.
District Court of Appeal of Florida, Fourth District.
November 14, 1990.
*896 G. Bruce Hill of Adams, Hill, Reis, Adams & Hall, Orlando, for petitioners.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for respondents.
PER CURIAM.
We grant petitioners', third-party plaintiffs' petition for writ of certiorari and quash the trial court's order which denied its motion for protective order and compelled discovery of information claimed by petitioners to be protected by a statutory privilege.
In June of 1985, eighteen-month-old Jennifer Malandro underwent a routine operation at Good Samaritan Hospital to prevent recurring ear infections. Her physician ordered the administration of an intramuscular bicillin-LA injection to Jennifer while she was in the recovery room, as a customary measure to stop any ear infections that may have already been in progress. Jennifer experienced a complication from the injection, which was inadvertently injected intra-arterially instead of intramuscularly, and ultimately sustained serious and permanent injuries, including vascular damage necessitating amputation of the lower portion of her right leg. Jennifer's parents brought suit against the Hospital, and the claim was settled by the Hospital and its insurers prior to trial. Subsequently, the Hospital filed a third-party complaint against respondents (the manufacturers and distributors of the bicillin-LA), alleging inter alia that the product was defective and failed to contain sufficient instructions regarding proper administration. Respondents answered and set forth several affirmative defenses, including allegations that the product was misused and that any injury to the patient resulted from the negligence of Hospital employees.
Respondents served a request to produce upon petitioners, asking for "Minutes of the Executive Committee, Pharmacy Committee, and any other committees or organizations that met relative to the use or non-use or discussions about the use or non-use" of bicillin-LA. Petitioners objected to the production and respondents filed a motion to compel, which motion was granted by the trial court on September 26, 1989. Petitioners produced the requested committee meeting minutes. The documents produced included the names of persons who had attended meetings of the Hospital's Pharmacy & Therapeutics Committee and Quality Assurance Committee.
Respondents noticed the taking of depositions duces tecum of several individuals who were named in the committee minutes as having been present at the committee meetings. The deponents were asked to bring with them:
1. Any and all records, notes, memoranda, or other writings pertaining to your involvement with any investigation or inquiry held by Good Samaritan Hospital, Inc. regarding use of Bicillin CR 600,000 units or any other long acting penicillin product at Good Samaritan Hospital, Inc. including, but not limited to, any service or involvement with the Pharmacy & Therapeutics Committee, Quality Assurance Committee, Division of Pediatrics or any other committee associated with Good Samaritan Hospital, Inc.
2. Any reports, records, correspondence and/or writings issued or generated by the Pharmacy & Therapeutics Committee, Quality Assurance Committee, or Division of Pediatrics regarding use of Bicillin CR 600,000 units or any other long acting penicillin at Good Samaritan Hospital, Inc.
3. Committee Meeting Minutes of the Pharmacy & Therapeutics Committee, Quality Assurance Committee, Division of Pediatrics or any other committee or department which you served on at Good Samaritan Hospital, Inc., relating to the use of Bicillin or any other long acting penicillin product.
Petitioners filed a motion for protective order and supporting memorandum, contending that to permit the depositions and production of the requested documents was contrary to a statutory privilege as well as public policy. The trial court compelled *897 production, and the instant petition for writ of certiorari followed.
We conclude that public policy requires the relief sought by petitioners. See Segal v. Roberts, 380 So.2d 1049 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980). See also Dade County Medical Ass'n v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979); HCA of Florida, Inc. v. Cooper, 475 So.2d 719 (Fla. 1st DCA 1985). We further conclude there has been no waiver by petitioners.
GLICKSTEIN, WALDEN and STONE, JJ., concur.