590 So.2d 546 (1991)
ALL CHILDREN's HOSPITAL, INC., Petitioner,
v.
Randall DAVIS, individually; Vickie Davis, individually; and Randall Davis and Vickie Davis, as parents and next friends of Crystal Davis, Respondents.
No. 91-02563.
District Court of Appeal of Florida, Second District.
December 18, 1991.
Claire L. Hamner and William E. Partridge of Dickinson, Gibbons, Shields, Partridge, Dahlgren & Collins, P.A., Sarasota, for petitioner.
Michael A. Mullen of Gaebe, Murphy, Mullen, Antonelli & Gerlin, Coral Gables, for respondents.
PER CURIAM.
All Children's Hospital, Inc. seeks a petition for writ of certiorari to review a circuit court order that overruled the hospital's objections to certain interrogatories. As discussed below, we grant in part and deny in part.
We find that the court erred in ordering the hospital to reveal the names and addresses of the peer review committee members present when the case was discussed. Discovery of material pertaining to peer review is protected by section 766.101, Florida Statutes (1989). While the names of the committee members are not specifically protected by the statute, the release of the names would neither be relevant nor lead to the discovery of admissible evidence. See Florida Rule of Civil Procedure 1.280(b).
*547 We also find that the court should not have directed the petitioner to reveal information regarding the hospital's incident report. The report is clearly protected by the work product privilege and the respondents did not show a need for the material and that they would suffer "undue hardship" in obtaining equivalent information. Bay Medical Center v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).
Finally, while we find no error in requiring the hospital to reveal whether it reported the incident to the Department of Health and Rehabilitative Services pursuant to section 395.041(6), Florida Statutes (1989), and when such report was made, any additional information regarding the report is neither discoverable nor admissible by the terms of the statute.
Accordingly, we grant in part and deny in part the petition for writ for certiorari.
SCHOONOVER, C.J., and SCHEB and THREADGILL, JJ., concur.