638 So.2d 530 (1994)
The MIAMI HEART INSTITUTE and the Miami Heart Research Institute, Petitioners,
v.
Robert REIS, Daniel L. Stickler, Benjamin Befeler, and Cedars Medical Center, Inc., Respondents.
Nos. 94-289 and 94-290.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Jorden Burt Berenson & Klingensmith and Frank Burt and Irma Solares, Miami, for petitioners.
Jenner & Block and Ross B. Bricker, Steven F. Samilow, and Richard E. Brodsky, Miami, for respondent Robert Reis.
Stephens, Lynn, Klein & McNicholas, P.A., and Louise H. McMurray, Miami, for respondent Daniel L. Stickler.
Womack & Bass, P.A., and Victor Womack, and Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., and Holly R. Skolnick, Charles M. Auslander, and Christopher L. Kurzner, Miami, for respondent Benjamin Befeler.
Before BARKDULL, HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
Robert M. Reis, M.D. and the Miami Heart Institute seek certiorari review of orders *531 denying their motions for protective order and to quash a subpoena duces tecum. For the following reasons, we grant the petition and quash the orders under review.[1]
Dr. Reis sued Cedars Medical Center and two of its administrators, Daniel Stickler and Benjamin Befeler, for defamation, breach of contract, and tortious interference with a business relationship, alleging that they had conspired to oust him from his position as head of the cardiac unit at Cedars. Dr. Reis also alleged that Befeler had written a letter in which he discussed the circumstances surrounding Dr. Reis' departure, and had disseminated that letter to medical review committees at facilities that were considering Dr. Reis' applications for staff privileges. One of those facilities was the Miami Heart Institute [MHI]. Dr. Reis' complaint alleged that the Befeler letter was the primary reason why MHI did not extend staff privileges to him.
Defendants served upon MHI subpoenas duces tecum that sought discovery of any and all records that related to Dr. Reis' application for staff privileges. MHI objected to the subpoenas on the ground that the records sought were privileged under sections 766.101(5) and 395.0191(8), Florida Statutes (1993), which provide that the records of a hospital's medical review committee are not subject to discovery or introduction into evidence against a health care provider in any civil action that arises out of the matters that were reviewed by the committee.[2] The trial court denied the motions, and found that the medical peer review privilege did not apply.
In ruling that the records of MHI's medical review committee were subject to discovery, the trial court departed from the essential requirements of the law. When the legislature enacted the peer review privilege it recognized that physicians would not render meaningful opinions on the competence of their colleagues unless those opinions, and the information which led the physicians to form those opinions, remained confidential. Holly v. Auld, 450 So.2d 217, 220 (Fla. 1984). In Holly, the supreme court held that the privilege against disclosure applies not only to actions for medical malpractice, but also to "defamation actions arising out of the matters which are the subject of evaluation and review by hospital credentials committees." Holly, 450 So.2d at 221. The court reasoned that "[a] doctor questioned by a review committee would reasonably be just as reluctant to make statements, however truthful or justifiable, which might form the basis of a defamation action against him as he would be to proffer opinions which could be used against a colleague in a malpractice suit." Id. at 220. Even though the privilege may prevent litigants from discovering information that could prove critical to their cause, the legislature determined that the benefits of effective self-policing by the medical community outweighed the potential cost to litigants. Id.
Although MHI is not a party to the defamation action, it is nevertheless entitled to the full protection of the peer review privilege. See Cruger v. Love, 599 So.2d 111 (Fla. 1992). In Cruger, the supreme court held that the statutory privilege "protects any document considered by the [medical review] committee or board as part of its decision-making process," and encompasses the peer review records and documents of a hospital that is not a party to the litigation. Cruger, 599 So.2d at 114.
Defendants argue, however, we should fashion an exception to the privilege to allow access to the peer review records where, as here, the party who seeks discovery is a defendant who has not chosen to institute litigation but has instead been forced into a defensive position and asserts a need for the records to prove its defense.[3] We disagree, *532 because to create such a rule of law would "eviscerate the privilege that the legislature sought to provide." Id. at 115. "What would not be discoverable in one action because of the nature of the lawsuit would be discoverable in another action. The confidential nature of the peer review proceeding would be obliterated." Id. The constancy of the privilege, which is thus far absolute, does not vary with the nature of the litigation or the procedural posture of the case, and does not depend upon whether the medical review committee is a party or merely a potential source of information.
For all of the foregoing reasons, we grant the petition for certiorari, quash the orders under review, and remand with directions to deny access to the records sought.
NOTES
[1] Certiorari is the appropriate method by which to review an order entered in connection with discovery proceedings. Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993).
[2] Sections 395.0191 and 766.101(5) establish the same privilege against disclosure; section 395.0191 applies to the proceedings of all hospital boards, and section 766.101(5) applies to medical review committee proceedings.
[3] Both Dr. Reis and the Defendants concede that Dr. Reis himself will not have access to the records of the medical review committee to support the allegations in his complaint. See, e.g., Holly, 450 So.2d 217. However, defendants fear that Dr. Reis might be able to prove his claims through evidence extrinsic to the MHI's medical review committee process, and that the claims could survive defendants' motion for directed verdict. Should that happen, defendants argue, they could mount a defense only by gaining access to MHI's peer review records. That issue is not now before us, and we decline to issue an advisory opinion.