645 So.2d 530 (1994)
MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, INC., Petitioner,
v.
Lester BERNSTEIN, et al., Respondents.
No. 94-1178.
District Court of Appeal of Florida, Third District.
November 9, 1994.
*531 John D. Kelner, Miami, for petitioner.
Hoppe, Backmeyer & Stokes and Bill Hoppe, Miami, for respondents.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
NESBITT, Judge.
Lester Bernstein alleges that while he was under the care of Mount Sinai Medical Center, the hospital's treatment of him fell below acceptable medical standards, resulting in serious bodily injury and mental anguish. On March 10, 1994, Mr. Bernstein and his wife filed the instant medical malpractice action against Mt. Sinai, among other defendants. On the same date, as part of the discovery process, the Bernsteins served Mt. Sinai with interrogatories. Mt. Sinai filed answers thereto, objecting to interrogatories 12 and 13, claiming that the information sought was privileged under sections 766.101 and 395.0193, Florida Statutes (1993).
Those interrogatories read:
12. Were there any written reports of any medical review committees with regard to the incident?
13. If the answer to the above question is yes, please state the dates of the reports, the author of the reports and the names and addresses of all people participating on the committee that produced the report.
After a hearing, the trial court overruled Mt. Sinai's objections. In response, Mt. Sinai filed the instant petition for writ of common law certiorari.
Because the trial court overruled the hospital's objections, thereby exposing to disclosure certain matters to which the hospital asserted privilege, we are authorized to entertain this petition for common law certiorari. Miami Heart Institute v. Reis, 638 So.2d 530 (Fla. 3d DCA 1994); Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305 (Fla. 2d DCA 1992); Suburban Propane v. Estate of Pitcher, 564 So.2d 1118 (Fla. 1st DCA 1990). We grant the petition and quash the order under review.
Section 766.101 provides:
(1) As used in this section:
(a) The term "medical review committee" or "committee" means:
1.a. A committee of a hospital ...
and provides at subsection (5),
The investigations, proceedings and record of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee.
Section 395.0193 provides that,
(7) The investigations, proceedings, and records of the peer review panel, a committee, a disciplinary board, or a governing *532 board, or agent thereof with whom there is a specific written contract for that purpose, as described in the section shall not be subject to discovery or introduction into evidence in any civil or administrative action... ."
These sections shield such hospital activities from discovery. In All Children's Hospital, Inc. v. Davis, 590 So.2d 546 (Fla. 2d DCA 1991), the trial court ordered a hospital to reveal the names and addresses of peer review committee members present when the case was discussed. As the Second District held:
Discovery of material pertaining to peer review is protected by section 766.101, Florida Statutes (1989). While the names of the committee members are not specifically protected by the statute, the release of the names would neither be relevant nor lead to the discovery of admissible evidence. See Fla.R.Civ.Pro. 1.280(b).
The Bernsteins' claim absent the order under review, they will be unable to prove their case. In Holly v. Auld, 450 So.2d 217 (Fla. 1984), the supreme court held that the discovery privilege was designed to provide that "degree of confidentiality necessary for the full, frank medical review and evaluation which the legislature sought to encourage" by such peer reviews. The court recognized that such a discovery privilege "will impinge upon the rights of some civil litigants to discovery of information which might be helpful, or even essential, to their causes." Id. at 220. The legislature was presumed to have considered that potential detriment in enacting the discovery privilege. See Burton v. Becker, 516 So.2d 283 (Fla. 2d DCA 1987). However, more to the point, the discovery privilege is not without limits.
Information presented to the committee does not become privileged simply because it is presented to the committee, and if such information is otherwise available from other sources, it may be discovered. Cruger v. Love, 599 So.2d 111 (Fla. 1992). Assuming that a doctor or nurse presented testimony to the committee about his or her personal knowledge of the facts of the case, respondents could secure the names and addresses and subject matter of their knowledge by other means including interrogatory and deposition. Petitioner concedes respondent's right to pose questions unrelated to the medical review committee, by asking the hospital who might have firsthand personal knowledge of the alleged events or by asking what documents other than medical review committee records exist for the events. Here, however, those questions were never asked. Additionally, in Cruger, the supreme court refers to sources such as administrative records, medical school records and court records of other malpractice actions, as possible discovery sources available for a plaintiff's consideration. Cruger, 599 So.2d at 115.
Also, upon properly posed question, the hospital might be asked to reveal whether it reported the incident to the Department of Health and Rehabilitative Services pursuant to section 395.041(6), Florida Statutes (1993) and when such report was made. See All Children's Hospital, 590 So.2d at 547.
Beyond this initial inquiry, while section 641.55, Florida Statutes (1993) provides that the internal risk management program at each hospital maintain incident reports regarding injuries and adverse incidents in a hospital, subsection (4) provides, in part, that these "incident reports shall be considered to be a part of the work papers of the attorney defending the establishment in litigation relating thereto and shall be subject to discovery... ."
Florida Rule of Civil Procedure 1.280(b)(3) allows discovery of work product "only upon a showing that the party seeking discovery has need OF the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." See Humana of Florida, Inc. v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987); Dade County Public Health Trust v. Zaidman, 447 So.2d 282 (Fla. 3d DCA 1983). Therefore, while under certain circumstances, incident report information might also be obtained by a plaintiff's counsel, here, the cart was put before the horse; not only was no showing of special need alleged or demonstrated, but no reference to incident reports was even made.
*533 In sum, by the very wording of the discovery questions here considered, the Bernsteins themselves labeled the information they sought with regard to their claim, as the dates, authors, and participants in "medical review committees."
Accordingly, we grant certiorari review and quash the order under review.