PER CURIAM.
William Verdult appeals from a final judgment convicting him of two counts of grand theft. We reverse on the basis that the trial court should have given Verdult’s requested jury instruction on his “good faith defense,” as the contracts he signed with the alleged victims, Ohannes Melkonian and Michelle West, constitute evidence of his good faith belief that he was entitled to the property in question. See Williams v. State, 395 So.2d 1236, 1238 (Fla. 4th DCA 1981) (a defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence to support it, no matter how disdainfully the judge may feel about the merits of such defense); Solomon v. State, 436 So.2d 1041 (Fla. 1st DCA 1983) (defendant entitled to jury instruction on defense if evidence exists no matter how weak or improbable). Because we find merit in Ver-dult’s argument that the trial court reversibly erred by not giving the requested “good faith defense” jury instruction, we do not need to address Verdult’s other point on appeal.
REVERSED.
WARNER, POLEN and FARMER, JJ., concur.