738 So.2d 505 (1999)
COLUMBIA HOSPITAL CORP. OF SOUTH DADE d/b/a South Dade Healthcare Group, Ltd., Leigh Massengill, and Jude Torchia, Petitioners,
v.
A. Rodolfo BARRERA, Jr., M.D., Respondent.
No. 99-1695.
District Court of Appeal of Florida, Third District.
August 11, 1999.
Jennifer S. Carroll, West Palm Beach, for petitioners.
Kramer, Sewell, Sopko & Levenstein and Richard H. Levenstein, Stuart, and Linda M. Skipper, Orlando, for respondent.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
PER CURIAM.
Citing to Cruger v. Love, 599 So.2d 111 (Fla.1992) and Ornda Healthcorp v. Berghof, 722 So.2d 961 (Fla. 3d DCA 1998), we grant certiorari and quash that part of the order under review which instructs that a hospital turn over a doctor's application for medical privileges and "any amendments or revisions thereto submitted by or on behalf of the Plaintiff." (This material referred to in the order as item 1.)
In Ornda the medical center appealed from an order mandating that it release credentialing material, to-wit: the doctor's application for staff privileges and an application for malpractice insurance, to plaintiffs. We granted certiorari concluding:

*506 Section 766.101(5), Florida Statutes, provides: "[t]he investigations, proceedings, and records of [the medical review] committee... shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee." (emphasis added). § Fla. Stat. 766.101(5) (1997). In Cruger v. Love, 599 So.2d 111 (Fla.1992), the Supreme Court of Florida held that applications for staff privileges are part of the records of the Medical Review Committee and thus, protected under section 766.101(5). Cruger v. Love, 599 So.2d at 114.
Accordingly, the order under review is vacated, and this cause is remanded to the trial court for further proceedings consistent herewith. (Emphasis added).
Ornda Healthcorp v. Berghof, 722 So.2d at 961.
Likewise, the material ordered produced in the instant case is protected by the statutory privilege provided in sections 395.0191 and 766.101 Florida Statutes (1997). The documents sought may well be marked with comments by fellow physicians, and it is exactly these types of comments which must be protected in order to ensure that doctors speak freely and render meaningful opinions of their colleagues. See Miami Heart Inst. v. Reis, 638 So.2d 530 (Fla. 3d DCA 1994). The best source of the information is the doctor himself.
Accordingly, the petition is granted and that part of the order relating to item 1 is quashed.