PLEUS, J.,
The petitioners seek certiorari review of the trial court’s order which overruled their objection to certain interrogatories which require petitioners to disclose their customer list.
*578 The petitioners’ lawsuit alleges the respondents attempted to sabotage the petitioners’ business by filing false criminal charges for theft of trade secrets. Those charges resulted in the arrest of the petitioners. The complaint alleges that when petitioners were arrested, all of their business ceased and petitioners lost all current and potential business from existing customers. Petitioners allege that in order to recoup losses resulting from the respondents’ tortious activities, they developed a new customer list and maintained the list as a closely-held trade secret.
During discovery, the respondents posed an interrogatory which states:
Have any of the Plaintiffs in this case, (Morpho, Inc., Heung Ki Cho, Stanley York) solicited “laser welded bellows” business in [sic] for the years 1996,1997, 1998,1999 and 2000. If so, state:
(a) name and address of third party solicited,
(b) whether any laser welded bellows were sold,
(c) whether Morpho, Inc. manufactured the bellows.
The only issue is the new customer list that had been developed by the petitioners subsequent to the arrest in 1999. The list prior to 1999 contains the names of 16 potential customers. Because the identity of those 16 is critical to the presentation of petitioners’ case in chief, the petitioners disclosed those names.
Respondents claim the need for disclosure of potential new customers of petitioners after the arrest so it can assess petitioners’ claim for damages resulting from the alleged malicious prosecution of petitioners. In other words, respondents contend they are conducting discovery to determine the extent of damages petitioners can assert based on business lost as the result of the arrest which is the subject matter of the malicious prosecution claim.
Petitioners argue the post-1999 list is a protected trade secret. Kavanaugh v. Stump, 592 So.2d 1231 (Fla. 5th DCA 1992). We find the trial court’s failure to permit the parties an adequate opportunity to present their arguments, testimony and evidence regarding the trade secret privilege constituted a departure from the essential requirements of the law. See, e.g., Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221 (Fla. 3d DCA 2000); American Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206 (Fla. 4th DCA 2000). At a minimum, the court should have conducted an in camera review to consider appropriate protective measures or to make findings regarding the alleged privilege.
The petition for writ of certiorari is granted and this case is remanded to the trial court to determine whether the 1999 and 2000 customer list is a protected trade secret.
PETITION GRANTED; CAUSE REMANDED.
SHARP, W„ and GRIFFIN, JJ., concur.