832 So.2d 161 (2002)
BEVERLY ENTERPRISES-FLORIDA, INC., Petitioner,
v.
Robert Lynam IVES, Jr., etc., Respondent.
No. 5D02-1659.
District Court of Appeal of Florida, Fifth District.
November 8, 2002.
Rehearing Denied December 19, 2002.
*162 Kirsten K. Ullman of Ullman & Kurpiers, LLC, Tampa, for Petitioner.
Camille Godwin of Wilkes & McHugh, P.A., Tampa, for Respondent.
COBB, J.
The defendant below, Beverly Enterprises-Florida, Inc., petitions for certiorari review of an order entered by the Hernando County Circuit Court allowing discovery of various evaluations and surveys, together with supporting reports and documents, relating to its nursing home in Spring Hill. The complaint of the plaintiff below is that Beverly Enterprises was negligent in its care and treatment of Marie Ives, resulting in her wrongful death in May 1998.
Certiorari is the appropriate vehicle to challenge orders allegedly compelling discovery improperly. Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981). The applicable standard of review is whether the challenged order is a departure from the essential requirements of the law, which causes material injury throughout the law suit, leaving the petitioner with no other adequate remedy to review the alleged erroneous order. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983); see Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245 (Fla. 5th DCA 1990) (citing Martin-Johnson; the rationale of reviewing these cases by certiorari is that appeal after final judgment is unlikely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is beyond relief).
While the trial court has great discretion in discovery matters, Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983), approved, 467 So.2d 282 (Fla.1985), Beverly Enterprises argues that the discovery in this case is "cat out of the bag" discovery as discussed by the Florida Supreme Court in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987). Such discovery includes, among other things, material protected by privilege, trade secrets, and work product. The Court observed in Martin-Johnson that irreparable harm such as might be occasioned by an order that would let the "cat out of the bag" and provide the opponent "material that could be used by an unscrupulous litigant to injure another person" was the governing standard for determining whether a petition for writ of certiorari would, in a particular case, be an appropriate vehicle for challenging nonfinal orders granting discovery.
The issue raised by the instant petition concerns whether the documents and data sought by Robert Ives, Jr., as personal representative, are privileged pursuant to section 766.101, Florida Statutes. Beverly Enterprises argues that the deposition testimony adduced below shows that the information sought by Ives is shielded from discovery because it involves self-critical analysis or quality assurance information.
This issue was considered by the Florida Supreme Court in Cruger v. Love, 599 So.2d 111 (Fla.1992). In that opinion the court stated:
The Florida Legislature enacted these peer review statutes in an effort to control the escalating cost of health care by encouraging self-regulation by the medical profession through peer review and evaluation. Holly v. Auld, 450 So.2d 217, 219-220 (Fla.1984) (interpreting former section 768.40(4), Florida Statues, the predecessor to section 766.101). In order to make meaningful peer review possible, the legislature provided a guarantee of confidentiality for the peer review *163 process. Holly, 450 So.2d at 220. Section 766.101(5), provides:
The investigation, proceedings, and records of a [medical review] committee... shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any member thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings.
* * *
The statutes do not define what constitutes records of a committee or board. Therefore, we must look to the legislative intent and policy behind the statutes to determine the extent of the privilege. See White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990); Devin v. City of Hollywood, 351 So.2d 1022, 1023 (Fla. [4 DCA] 1976). We have previously held that "[t]he discovery privilege ... was clearly designed to provide that degree of confidentiality necessary for the full, frank medical peer evaluation which the legislature sought to encourage." Holly v. Auld, 450 So.2d at 220. Without the privilege, information necessary to the peer review process could not be obtained. Feldman v. Glucroft, 522 So.2d 798, 801 (Fla.1988). While we recognized in Holly that the discovery privilege would impinge upon the rights of litigants to obtain information helpful or even essential to their cases, we assumed that the legislature balanced that against the benefits offered by effective self-policing by the medical community. Holly, 450 So.2d at 220.
* * *
We reject the interpretation adopted in Jacksonville Medical Center. Under that interpretation documents, information, or records in the possession of the committee are not protected if they originated from sources outside the board or committee proceedings. If the legislature intended the privilege to extend only to documents created by the board or committee, then surely that is what it would have said. Virtually all of the information considered during the peer review process originates from outside sources. This interpretation would effectively eliminate the protections granted by the statute. See Jacksonville Medical Ctr., 560 So.2d at 1316 (Allen, J., dissenting).
* * *
The policy behind the confidentiality privilege mandates this interpretation. See Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1102 (Fla.1989) (a court's obligation is to honor the obvious legislative intent and policy behind an enactment, even where *164 that intent requires an interpretation that exceeds the literal language of the statute). The privilege afforded to peer review committees is intended to prohibit the chilling effect of the potential public disclosure of statements made to or information prepared for and used by the committee in carrying out its peer review function. See Dworkin v. St. Francis Hosp., Inc., 517 A.2d 302, 307 (Del.Super.Ct.1986).
Cruger at 113-115.
There are other cases in Florida that recognize, as a matter of public policy, the confidential and privileged nature of minutes of medical committee meetings that relate to self-critical analysis and that they are immune from discovery, even where an action is not brought against a healthcare provider, or the action does not arise out of matters which were the subject of evaluation and analysis. See, e.g., Good Samaritan Hospital, Inc. v. American Home Products Corporation, 569 So.2d 895 (Fla. 4th DCA 1990), rev. dismissed 576 So.2d 284 (Fla.1990); HCA of Fla., Inc. v. Cooper, 475 So.2d 719 (Fla. 1st DCA 1985).
The instant case is a clear example of a discovery order that violates the protection afforded by the applicable statute and which is in conflict with the explicit language of Cruger.[1] Accordingly, we grant the petition for certiorari review and quash the order of the circuit court dated June 3, 2002, which granted the motion to compel filed by the plaintiff below.
PETITION GRANTED; ORDER QUASHED.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] We find the respondent's attempt to distinguish Cruger, a Florida Supreme Court opinion, on the basis that it has been superseded by subsequent decisions of the Third District Court of Appeal singularly unpersuasive.