PETERSON, J.
Palms of Pasadena Hospital, (“Palms”), petitions for a writ of certiorari to quash an order of the trial court requiring it to identify members of its Credentials Committee. Palms argues that section 766.101(5) and section 395.0191(8), Florida Statutes (2000), makes the information privileged and immune from discovery. We agree.
Palms was sued by the respondent, Nancy Kymm Harvin Rutigliano, as personal representative of a decedent who died after being negligently treated by a physician on Palm’s hospital staff. The theory adopted by the personal representative to seek responsibility against Palms was that it negligently granted hospital privileges to the physician. Rutigliano sought the names of members of the Credentials Committee so that she could depose them. She argued before the trial court that she intends to depose them not in their representative capacity, but individually and “then I’m going to ask some questions about the credentialing.”
The provisions of section 766.101(5)[1] *595 and section 395.0191(8)[2] create the privilege asserted by Palms. See, e.g., Bayfront Med. Ctr., Inc. v. State, Agency for Healthcare Admin., 741 So.2d 1226 (Fla. 2d DCA 1999); Mount Sinai Med. Ctr. of Greater Miami v. Bernstein, 645 So.2d 530 (Fla. 3d DCA 1994); All Children’s Hosp. v. Davis, 590 So.2d 546 (Fla. 2d DCA 1991); Good Samaritan Hosp. v. American Home Prods., 569 So.2d 895 (Fla. 4th DCA), review dismissed, 576 So.2d 284 (Fla.1990).
We grant the petition, issue the writ and quash the order requiring disclosure of the members of the Credentials Committee.
PETITION GRANTED; WRIT ISSUED.
SHARP, W., and THOMPSON, JJ., concur.

. Section 766.101(5), Florida Statutes (2000), provides:
The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such *595 committee or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his or her knowledge, but the said witness cannot be asked about his or her testimony before such a committee or opinions formed by him or her as a result of said committee hearings.

. Section 395.0191(8), Florida Statutes (2000), provides:
The investigations, proceedings, and records of the board, or agent thereof with whom there is a specific written contract for the purposes of this section, as described in this section shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board, and no person who was in attendance at a meeting of such board or its agent shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such board or its agent or as to any findings, recommendations, evaluations, opinions, or other actions of such board or its agent or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such board; nor should any person who testifies before such board or who is a member of such board be prevented from testifying as to matters within his or her knowledge, but such witness cannot be asked about his or her testimony before such a board or opinions formed by him or her as a result of such board hearings.