# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2023-2629
LT Case No. 2022-CC-002323
_____

APEX ROOFING AND
RESTORATION, LLC a/a/o NANCY
FORDE,

     Petitioner,

     v.

SECURITY FIRST INSURANCE
COMPANY,

     Respondent.

_____


Petition for Certiorari Review of Order
from the Circuit Court for Seminole County.
Carsandra Buie, Judge.

Ramil A. Kaminsky, and Jacquelyn M. Codd, of RAK Law Firm,
Lakeland, for Petitioner.

Kali Lauren Wechsler, Michael A. Monteverde, and Christopher
D. Pagan, of Zinober Diana & Monteverde P.A., Fort Lauderdale,
for Respondent.

May 31, 2024


PER CURIAM.

Apex Roofing and Restoration, LLC, a/a/o Nancy Forde ("Petitioner") petitions this Court for a writ of certiorari to quash the county court's "Order on Defendant's Amended Motion to Overrule Plaintiff's Trade Secrets Discovery Objections" ("order"). We grant the petition.

**I.**

Petitioner performed a roof repair on a home insured by Security First Insurance Company ("Respondent"), and the homeowner assigned the policy benefits to Petitioner. Respondent issued a payment to Petitioner under the policy, but Petitioner claimed it was entitled to a larger payment, and it sued Respondent for breach of contract.

During the ensuing litigation, Respondent requested production of certain information and materials, including the following:

> 3. Any and all correspondence or communications with any subcontractor related to any repairs or replacements performed, or repairs or replacements to be performed, at the subject Property. . . .
>
> 5. All bids, proposals, requests for proposals, requests for information, invoices, receipts, work orders, or other documents related in any way to the subject property. . . .
>
> 7. Any and all estimates or proposals for work to be performed or for work performed at the subject Property, including any repairs or replacements at the subject property.

Petitioner objected to these requests for production on the basis that they sought privileged trade secrets. Petitioner filed a privilege log to accompany its objections. Petitioner's corporate representative also refused to answer several deposition questions, again asserting trade secret objections.

Respondent moved to overrule Petitioner's trade secret objections. Respondent also moved to compel the corporate representative to respond to questions certified during the deposition. Petitioner responded by moving for a protective order.

At the hearing on the motions, Respondent argued that what Petitioner claimed as trade secret did not qualify as trade secret, and even if it did, that Respondent would be entitled to the discovery based on its allegations of fraud and misrepresentations. Petitioner denied any misrepresentation and argued that the materials and information sought would not lead to the discovery of any admissible evidence. Petitioner then asserted that if the court disagreed and found the discovery relevant, it should hold an evidentiary hearing to determine whether Petitioner could substantiate its claims of trade secret privilege.

The court found that the information and materials were discoverable, overruled Petitioner's trade secret objections, and declined to hold an evidentiary hearing. Petitioner objected, reiterating its view that the court could not compel production without performing an *in camera* inspection of the materials to determine whether or not the trade secret privilege applies. The court responded that it did not believe an *in camera* inspection was needed.

In its written order overruling Petitioner's trade secret objections, the court, in relevant part, ordered the following:

> 2. Plaintiff shall produce any documentation related to the following within ten (10) days of the entry of this Order:
>
> a. All agreements or contracts with any subcontractor(s) for any repairs, work and/or materials associated with the roof replacement performed by Plaintiff and/or its subcontractors at the subject property.
>
> b. All invoices, receipts, and/or proofs of payment for any repairs and work associated with the roof replacement

performed by Plaintiff and/or its subcontractors at the subject property.

3. Defendant may also take the deposition of the Plaintiff's corporate representative to obtain Plaintiff's responses to questions which were objected to by Plaintiff's counsel and certified by Defendant's counsel during the first deposition of Plaintiff's corporate representative, and as to any matters raised by or related to the information contained in the documents to be produced per this Order.

Petitioner moved for rehearing, arguing that the written order lacked specific findings necessary for appellate review. It argued that the order did not explain how the court could determine the applicability of the trade secret privilege without an *in camera* inspection or evidentiary hearing. Petitioner then filed its petition for a writ of certiorari.

## II.

Because an order compelling discovery of potentially privileged, cat-out-of-the-bag information can inflict a material injury that cannot be remedied on appeal, a petition for a writ of certiorari is an appropriate vehicle to obtain review of such an order. *See Beverly Enters.-Fla., Inc. v. Ives*, 832 So. 2d 161, 162 (Fla. 5th DCA 2002); *Morpho Corp. v. Laser Applications, Inc.*, 790 So. 2d 577, 578 (Fla. 5th DCA 2001); *E. Colonial Refuse Serv., Inc. v. Velocci*, 416 So. 2d 1276, 1277 n.1 (Fla. 5th DCA 1982). To obtain the writ, the petitioner must show that the trial court's order departed from the essential requirements of the law. *See Morpho Corp.*, 790 So. 2d at 578.

Parties generally have a right to obtain relevant, *non-privileged* discovery. *See* Fla. R. Civ. P. 1.280(b)(1). However, section 90.506, Florida Statutes (2023), provides, "[a] person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice." The privilege "may be claimed by the person or the person's agent

4

or employee," and any order directing disclosure of a privileged trade secret must take certain protective measures. *Id.* Sections 688.002(4) and 812.081(1)(f), in turn, define "[t]rade secret." *See* §§ 688.002(4), 812.081(1)(f), Fla. Stat. (2023).

We agree with our sister courts that when confronted with an assertion of trade-secret privilege, "the court must first determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials; if production is then ordered, the court must set forth its findings." *Beck v. Dumas*, 709 So. 2d 601, 603 (Fla. 4th DCA 1998); *accord Lewis Tree Serv.*, 311 So. 3d at 210–11; *Arthur Finnieston, Inc. v. Pratt*, 673 So. 2d 560, 562 (Fla. 3d DCA 1996). Where the parties dispute entitlement to the privilege, "[t]his determination will usually require that the trial court conduct an *in camera* hearing and inspection of the materials in question to determine whether they contain trade secrets." *Salick Health Care, Inc. v. Spunberg*, 722 So. 2d 944, 946 (Fla. 4th DCA 1998); *accord Lewis Tree Serv.*, 311 So. 3d at 211.

Here, the court overruled Petitioner's trade-secret objections without any *in camera* inspection or evidentiary hearing. Respondent argues that no *in camera* inspection or evidentiary hearing was needed. It asserts that the materials it seeks are not trade secrets because single-transaction pricing does not constitute a "formula, pattern, compilation, program, device, method, technique, or process." § 688.002(4); *see also* § 812.081(1)(f). However, "while a bottom-line bid and its general terms might not constitute trade secret information, if the bid documents reveal information about the bidder's underlying calculations or bid development process, the documents might in some circumstances contain protected trade secrets." *Lewis Tree Serv., Inc. v. Asplundh Tree Expert, LLC*, 311 So. 3d 206, 212 (Fla. 2d DCA 2020).

Petitioner argues, as it did in its motion for protective order, that the single-transaction materials at issue could be extrapolated to ascertain Petitioner's commercial methods. This assertion raises a factual dispute upon which Petitioner's entitlement to the trade-secret privilege turns. We agree with the

Second District that such a dispute requires *in camera* review, and the court's failure to afford one departed from the essential requirements of the law. *See Lewis Tree Serv.*, 311 So. 3d at 212. Stated plainly, it was not possible for the court to reject Petitioner's argument that the requested production could be extrapolated to obtain its secret commercial methods without first examining the materials to determine what they contain. *See id.*

We also agree with Petitioner that the county court's order lacked the requisite specificity. "When a party asserts privilege objections in opposition to discovery requests, the trial court must make specific findings to support its denial of those objections." *State Farm Mut. Auto. Ins. Co. v. Knapp*, 234 So. 3d 843, 848 (Fla. 5th DCA 2018); *accord Magical Cruise Co. v. Turk*, 114 So. 3d 233, 233 (Fla. 5th DCA 2013). Here, the court did not state on the record or in its written order why the requested production did not contain a trade secret, nor did it explain why it was able to make a trade-secret determination without an *in camera* inspection. This lack of specific findings likewise departed from the essential requirements of the law. *See Arthur Finnieston, Inc.*, 673 So. 2d at 562.[1]

### III.

For the foregoing reasons, we grant the petition.

PETITION GRANTED; ORDER QUASHED.

SOUD, MACIVER, and PRATT, JJ., concur.

---

[1] We reject, without further discussion, Petitioner's argument that the trial court departed from the essential requirements of the law in not allowing it an opportunity to file an amended privilege log.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____