651 So.2d 783 (1995)
PALM BEACH GARDENS COMMUNITY HOSPITAL, INC., d/b/a AMI Palm Beach Gardens Medical Center, Petitioner,
v.
Julie O'BRIEN and Brian O'Brien, As Personal Representatives of the Estate of Keegan Patrick O'Brien, deceased, Respondents.
No. 94-2593.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
*784 Aline O. Ruddy of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for petitioner.
James B. Tilghman, Jr., and Gary D. Fox, of Stewart, Tilghman, Fox & Bianchi, P.A., Miami, for respondents.
KLEIN, Judge.
Petitioner hospital seeks certiorari review of an order directing petitioner to produce a list of prior incidents in which complaints were made about two defendant physicians' treatment of patients at the hospital. We grant certiorari.
Plaintiffs brought this action against the hospital and the physicians alleging malpractice which resulted in the death of their child shortly after its birth. The hospital objected to production of a list of prior incidents involving the defendant physicians at the hospital on the basis of Cruger v. Love, 599 So.2d 111 (Fla. 1992), in which our supreme court held that section 766.101(5), Florida Statutes (1989), precludes discovery of this information.
Section 766.101(5) provides in part:
The investigations, proceedings, and records of a [medical review] committee ... shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee... .
Plaintiffs' sole argument that their case is distinguishable from Cruger is that, unlike in Cruger, the complaint here alleges a violation of section 766.110(1), which provides in part:
All health care facilities, including hospitals and ambulatory surgical centers, as defined in chapter 395, have a duty to assure comprehensive risk management and the competence of their medical staff and personnel through careful selection and review, and are liable for a failure to exercise due care in fulfilling these duties.
Plaintiffs rely on Tarpon Springs General Hospital v. Hudak, 556 So.2d 831 (Fla. 2d DCA 1990), in which the court also quashed discovery of information which was privileged under section 766.101(5), but noted in a footnote that it was not addressing the applicability of section 766.110 because it was not pled or argued.
We cannot agree with plaintiffs that including a claim under section 766.110(1) makes this information discoverable. If the legislature had intended for there to be an exception to section 766.101(5) for claims brought under section 766.110(1), it would have been a simple matter for the legislature to do so. While we agree with plaintiffs that their inability to get this information will make it difficult for them to prosecute a claim under section 766.110(1), we cannot carve out an exception to the rule where the legislature did not make one.
We therefore grant certiorari and quash the order.
HERSEY and PARIENTE, JJ., concur.