670 So.2d 184 (1996)
VARIETY CHILDREN'S HOSPITAL, Petitioner,
v.
David and Denise MISHLER, as Personal Representatives of the Estate of Mary Ann Mishler, Respondents.
No. 95-2884.
District Court of Appeal of Florida, Third District.
March 27, 1996.
Blackwell & Walker and James E. Tribble, Miami, for petitioner.
Ward & Caggiano and Walter Ward, Miami, and Karen J. Haas, Miami, for respondents.
Before GERSTEN, GODERICH, and GREEN, JJ.
PER CURIAM.
Petitioner, Variety Children's Hospital, d/b/a Miami Children's Hospital ("MCH") petitioned this court seeking review of an order of the trial court requiring it to produce surveys of the Joint Commission on Accreditation of Health Care Organizations for a *185 period of three years prior to and including August 1987 and all responses made by MCH to the surveys. MCH objected to the request on the basis that it sought disclosure of documents privileged under subsections 766.101(5), 395.0191(8) and 395.0193(7), Florida Statutes (1993). Because we agree that the requested documents are privileged, we grant the petition for a writ of certiorari and quash the order to produce.[1]
Section 766.101(5) states in relevant part:
The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee....
Section 766.101(1)(a)1 defines "committee" as
a. A committee of a hospital or ambulatory surgical center licensed under chapter 395 or a health maintenance organization certified under part I of chapter 641,
. . . .
which committee is formed to evaluate and improve the quality of health care rendered by providers of health service or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health services in the area....
The purpose of the surveys done by the Joint Commission on Accreditation is to assess a hospital's compliance with the standards as set out by the Commission in its various manuals. One purpose of the survey is to determine whether any "aspect of hospital operations adversely affects patient health and safety." Members of the Commission survey all of the different departments of the hospital being reviewed and then prepare a report on the results of the investigation.
We find that this case is controlled by Cruger v. Love, 599 So.2d 111 (Fla.1992), a case not cited by either party. In Cruger, the Florida Supreme Court reviewed the statutory privilege, the legislative intent in creating such a privilege and prior supreme court cases construing the statute. The court stated:
The Florida Legislature enacted these peer review statutes in an effort to control the escalating cost of health care by encouraging self-regulation by the medical profession through peer review and evaluation. In order to make meaningful peer review possible, the legislature provided a guarantee of confidentiality for the peer review process.
Id. at 113 (citation omitted). The court continued:
We have previously held that "[t]he discovery privilege ... was clearly designed to provide that degree of confidentiality necessary for the full, frank medical peer evaluation the legislature sought to encourage." Without the privilege, information necessary to the peer review process could not be obtained.
Id. at 113-14 (citations omitted, alteration and omission in original) (quoting Holly v. Auld, 450 So.2d 217, 220 (Fla.1984)).
Cruger went on to hold that the privilege provided by sections 766.101(5) and 395.011(9) protects any document considered by the committee or board as a part of its decision making process. Contrary to the argument advanced by the Mishlers, the privilege extends to those documents, information or records in the possession of the committee which originated from sources *186 outside the committee or board meeting. The court went on to state:
The policy behind the confidentiality privilege mandates this interpretation. The privilege afforded to peer review committees is intended to prohibit the chilling effect of the potential public disclosure of statements made to or information prepared for and used by the committee in carrying out its peer review function.
Cruger, 599 So.2d at 114-15 (citations omitted).[2]
The language in Cruger is extremely broad. The court acknowledged as much by citing Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099 (Fla.1989): "As the Court often has noted, our obligation is to honor the obvious legislative intent and policy behind an enactment, even where that intent requires an interpretation that exceeds the literal language of the statute." Id. at 1102. Thus, we believe that in order to give broad effect to the policy and intent of the statute, we must find that any evaluations that a hospital makes on its own or takes part in to improve the standard of care or patient safety and to reduce rates of death and disease is privileged under section 766.101(5), Florida Statutes.[3]
The petition for writ of common law certiorari is granted and that portion of the trial court's order requiring the production of the surveys of the Joint Commission on Accreditation of Hospitals for the three years prior to and including August 1987 is quashed.
NOTES
[1] This case involves the death of the Mishlers' daughter following surgery for the repair of a ventral hernia. During the course of the surgery, the doctor found a hole in the child's diaphragm and patched it. The child developed a staph infection post-operatively and died. The parents sued for medical malpractice. This is the second time this case is before us. The first appeal, Mishler v. Zakheim, 625 So.2d 81 (Fla. 3d DCA 1993), was from a summary judgment entered by the trial court in favor of MCH and other defendants which excluded testimony from the Mishlers' proposed expert witnesses. The JCAH survey results were not originally requested by the Mishlers in preparation for trial.
[2] The information may be obtained from other nonprivileged sources.
[3] The Mishlers argue that Brown v. Sims, 538 So.2d 901 (Fla. 3d DCA 1989) requires that we find the JCAH surveys to be discoverable. Sims is not on point, however, because the issue of privilege under section 766.101 was not involved. Instead, this court decided that the JCAH surveys were improperly excluded on the basis of hearsay and relevancy. More importantly, the Sims decision was quashed, Sims v. Brown, 574 So.2d 131 (Fla.1991) upon a ruling by the Florida Supreme Court that the JCAH report was properly excluded.