Milton M. **MARTINEZ**, M.D., Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE CO., Defendant.**

No. 97-0512-CIV.

United States District Court, S.D. Florida.

June 26, 1997.

Martin L. Nathan, Miami, FL, for Plaintiff.

Robert Wainger, Miami, FL, Gregory Reis, Orlando, FL, for Defendant.

*ORDER DENYING IN PART, GRANTING IN PART NONPARTY–KENDALL'S MOTION TO QUASH SUBPOENA DUCES TECUM; DENYING IN PART DEFENDANT'S MOTION TO COMPEL DIRECTED AT NONPAR-TY–PAN AMERICAN*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon a Motion To Quash Subpoena Duces Tecum [1] filed by a nonparty, Kendall Regional Medical Center ("Kendall"), on April 18, 1997. Defendant, Provident Life and Accident Insurance Co., filed a Response in opposition on May 16, 1997.

Also before the Court is a Motion to Compel filed by Defendant on May 19, 1997. A nonparty, Pan American Hospital ("Pan American"), filed a Response in opposition on June 9, 1997. Defendant filed a Reply on June 12, 1997.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record in the case shows that Plaintiff, a physician, sued Defendant in Dade County Circuit Court alleging breach of contract and seeking declaratory relief relating to three disability policies that Plaintiff obtained from Defendant. Plaintiff alleges that he was a physician performing general surgery until September 1987, when he became totally disabled. He alleges that Defendant breached its contracts with him by failing to pay him total disability benefits. Defendant, which removed the case to federal court on diversity grounds, seeks to determine whether Plaintiff continued to work as a physician and general surgeon after September 1987. It served subpoenas on several hospitals, including the nonparties Kendall and Pan American, seeking information regarding Plaintiff's work. The Subpoena Duces Tecum served on both Kendall and Pan American requests:

Any and all personnel or medical staff records including, but not limited to, physician schedule information, case or procedure listing indicating physician procedures performed, and date performed, emergency room schedules, on-call schedules, hospital schedules, insurance coverage, insurance claim information, insurance applications, applications for staff or courtesy privileges, employment contracts, ad-

---

**1.** Nonparty–Kendall erroneously titled its Motion "OBJECTION TO KENDALL REGIONAL MEDICAL CENTERS [sic] MOTION TO QUASH SUBPOENA DUCES TECUM; OBJECTION TO SUB-POENA DUCES TECUM; and MEMORANDUM OF LAW." The Court refers to the document as the Motion To Quash Subpoena Duces Tecum, which reflects the relief requested.

dendums to employment contracts, wage agreements, internal memoranda pertaining to Dr. Martinez, correspondence pertaining to Dr. Martinez and all other documents pertaining to Dr. Martinez.

(Nonparty–Kendall's Mot. to Quash Subpoena Duces Tecum Attachs. at 2); (Nonparty–Pan American's Mem. in Opp'n to Def.'s Mot. to Compel at 1–2.)

## II. DISCUSSION

### A. The nonparties' assertions

In the instant Motion To Quash, nonparty–Kendall states that all categories of documents sought by Defendant are variously privileged and not discoverable because they: (1) are "peer review" records protected by Florida Statutes §§ 395.0191(8), 395.0193(7), and 766.101(5); (2) contain names of patients or other identifying information protected by Florida Statute § 395.3025; and (3) are "credentialling files" protected by either or both of the statutory protections cited *supra*. [2]

For its part, Pan American objects to producing responsive documents in only three of the categories, namely "applications for staff or courtesy privileges, ... internal memoranda pertaining to Dr. Martinez, correspondence pertaining to Dr. Martinez and all other documents pertaining to Dr. Martinez." Pan American bases its objections on Florida Statutes §§ 395.0191(8) and 766.101(5).

### B. Protection sought for patients' names

■ As to nonparty-Kendall's objections to producing documents containing patients' names or other identifying information, Defendant states that it "does not seek any materials containing the names or identifying information of patients." (Def.'s Resp. in Opp'n to Kendall's Mot. to Quash at 3 n. 1.) The Court finds that any documents otherwise responsive to Defendant's requests should be redacted to exclude such patients information.

### C. Protection sought for peer review records

■ Florida Statutes § 395.0191(8) states in relevant part:

**2.** Application of Florida substantive law is re-

The investigations, proceedings, and records of the [hospital] *board,* or agent thereof with whom there is a specific written contract for the purposes of this section, as described in this section shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board.... However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such board....

Fla.Stat.Ann. § 395.0191(8) (West Supp.1997) (emphasis added). Section 395.0193(7) applies the same rule to a hospital's "peer review panel, a committee, a disciplinary board, or a governing board." Fla.Stat.Ann. § 395.0193(7) (West Supp.1997). Section 766.101(5) applies the rule to a "[medical review] committee." Fla.Stat.Ann. § 766.101(5) (West Supp.1997).

In *Cruger v. Love,* 599 So.2d 111 (Fla. 1992), the Florida Supreme Court resolved the question of which records were protected from discovery by the statutes cited herein.

We hold that the privilege provided by sections 766.101(5) and [395.0191(8) ], Florida Statutes, protects any document considered by the committee or board as part of its decision-making process. The policy of encouraging full candor in peer review proceedings is advanced only if all documents considered by the committee or board during the peer review or credentialling process are protected.

*Id.* at 114. While the supreme court observed that "the discovery privilege would impinge upon the rights of litigants to obtain information helpful or even essential to their cases, [the court] assumed that the legislature balanced that against the benefits offered by effective self-policing by the medical community." *Id.* The policy underlying the privilege aims to "prohibit the chilling effect of the potential public disclosure of statements made to or information prepared for

quired in this diversity case.

and used by the [peer review] committee in carrying out its peer review function." *Id.* The chilling effect, the supreme court found, arises from several factors:

> [D]octors seem to be reluctant to engage in strict peer review due to a number of apprehensions: loss of referrals, respect, and friends, possible retaliations, vulnerability to torts, and fear of malpractice actions in which the records of the peer review proceedings might be used. It is this ambivalence that lawmakers seek to avert and eliminate by shielding peer review deliberations from legal attacks.

*Id.* (citation omitted). Importantly, at issue in *Cruger* were requests for production of documents from hospitals not a party to the underlying lawsuit, like Kendall and Pan American in the instant case. That makes sense because, if materials used in the peer review process were discoverable from nonparties, the privilege would be vitiated, causing the chilling effect identified by the supreme court. On those grounds, this Court rejects Defendant's contention that the privilege does not apply because the instant action "does not involve anyone involved in the review process, except Dr. Martinez, who has not objected to production." (Def.'s Resp. in Opp'n to Kendall's Mot. to Quash at 4–5.)[3]

### III. CONCLUSION

#### A. Material To Which Privilege Does Not Apply

■ Using the *Cruger* framework, the Court finds that some of the categories of information sought do not fall within the statutes' protections. Those categories, to use the wording of the subpoena, include: physician schedule information, case or procedure listing indicating physician procedures performed, and date performed, emergency room schedules, on-call schedules, and hospital schedules, insurance coverage, insurance claim information, insurance applications … employment con-

tracts, addendums to employment contracts, wage agreements.

Documents responsive to requests in the above-listed categories shall be produced.

#### B. Material To Which Privilege Applies

The subpoena category of "applications for staff or courtesy privileges"—appears to be identical to the category of documents sought in *Cruger*.[4] The *Cruger* court states, "[W]e find that a physician's application for staff privileges is a record of the committee or board for purposes of the statutory privilege." *Id.* at 114. Accordingly, this Court finds that documents responsive to this category of the subpoena shall not be produced.

#### C. Material That Nonparties Shall Either Produce Or Include In Privilege Log

As to the remaining subpoena categories—"internal memoranda pertaining to Dr. Martinez, correspondence pertaining to Dr. Martinez and all other documents pertaining to Dr. Martinez"—the Court cannot determine, without more, whether responsive documents include "any document considered by the committee or board as part of its decision-making process." *Cruger*, 599 So.2d at 114. Therefore, as to these documents, the nonparties Kendall and Pan American must, if they seek to assert a privilege, compile and serve upon Defendant a privilege log comporting with Local Rule 26.1(G)(6)(b) of the Local Rules of the Southern District of Florida.[5] To the extent that a responsive document is not included in the privilege log, it shall be produced.

### IV. SUMMARY OF RULINGS

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that

1) As to documents discussed in this Order at part *III.A.*:

a) Nonparty–Kendall's Motion To Quash Subpoena Duces Tecum be and is hereby

---

**3.** Defendant makes the same argument using different wording in the Motion To Compel directed at nonparty–Pan American. (Def.'s Mot. to Compel at 6.)

**4.** "Cruger has dropped the request for delineation of the privileges granted and now seeks only

the applications for privileges." *Cruger v. Love,* 599 So.2d 111, 112 n. 1.

**5.** Under Rule 26.1(G)(6)(b), the privilege log should have been provided to Defendant along with the objections.

DENIED. Nonparty–Kendall shall PRODUCE those documents.

2) As to documents discussed in this Order at part *III.B.*:

a) Nonparty–Kendall's Motion To Quash Subpoena Duces Tecum be and is hereby GRANTED.

b) Defendant's Motion To Compel regarding nonparty–Pan American be and is hereby DENIED.

3) As to documents discussed in this Order at part *III.C.*:

a) The nonparties Kendall and Pan American be and are hereby directed to either PRODUCE all responsive documents or COMPILE and serve upon Defendant a PRIVILEGE LOG, S.D.Fla.Local R. 26.1(G)(6)(b), for any responsive documents for which they assert any privilege. Defendant is without prejudice to move to compel production of any documents for which it believes either nonparty is wrongly claiming privilege.

It is FURTHER ORDERED that the nonparties Kendall and Pan American shall take all actions necessary to comply with this Order within fifteen days of the date of this Order.