721 So.2d 1220 (1998)
MUNROE REGIONAL MEDICAL CENTER, INC., et al., Petitioner,
v.
Mary W. ROUNTREE, Respondent.
No. 98-2251.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
*1221 Gregory F. Reis and Heidi J. Haycook of Adams, Hill, Reis, Adams, Hall & Scheiffelin, P.A., Orlando, for Petitioner Munroe Regional Medical Center.
Kelly G. Hamer of Grower, Ketcham, et al., Ocala, for Petitioner William Todd Overcash, M.D.
Stephen J. Knox and John C. Willis of Morgan, Colling & Gilbert, P.A., Orlando, for Respondent.
ANTOON, Judge.
In this medical malpractice action, William Todd Overcash, M.D., seeks certiorari review of the trial court's order compelling him to answer deposition questions.[1] We agree with Dr. Overcash's contention that the deposition questions at issue request the disclosure of information which is protected from discovery, and that therefore the trial court's discovery order constitutes a departure from the essential requirements of law causing injury which cannot be corrected on direct *1222 appeal.[2] Accordingly, we grant certiorari and quash the discovery order.
Dr. Overcash conducted a laproscopic cholecystectomy on respondent, Mary Rountree. After the surgery, Ms. Rountree filed this medical malpractice action, alleging that Dr. Overcash had negligently perforated her bowel during the surgery.
During his deposition, Dr. Overcash acknowledged that following his treatment of Ms. Rountree his hospital staff privileges were temporarily suspended pending a peer review audit. Ms. Rountree's counsel asked whether the suspension had anything to do with his surgical practice, and specifically whether it was related to his treatment of Ms. Rountree. Counsel stated that he wanted to know the "reason [Dr. Overcash] was suspended, whether it had to do with surgery practices or notwho, what, where, when, why, the whole nine yards." Dr. Overcash's counsel objected to these questions on the ground that the information sought was protected from discovery because it arose out of matters which were the subject of evaluation and review by a medical peer review committee. Ms. Rountree's counsel thereafter filed a motion to compel Dr. Overcash to answer these questions, and the trial court granted the motion. Dr. Overcash then filed a writ of certiorari petitioning this court to quash the trial court's order.
The issue in this case is whether, on oral deposition in a medical malpractice action, a defendant doctor can be required to disclose matters which were the subject of evaluation and review by a medical peer review committee regarding the doctor's staff privileges. Dr. Overcash maintains that such information is not subject to disclosure because section 766.101(5), Florida Statutes (1997), specifically protects such matters, making them immune from discovery:
766.101 Medical review committee, immunity from liability.
* * * * * *
(5) The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof.
Ms. Rountree acknowledges that the work of a peer review committee is privileged, but argues that the deposition questions at issue here fall within the following exception contained in section 766.101(5):
However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his or her knowledge, but the said witness cannot be asked about his or her testimony before such a committee or opinions formed by him or her as a result of such committee's hearings.
§ 766.101(5), Fla. Stat. (1997)(emphasis added). She maintains that Dr. Overcash is an "original source" under the statute. We disagree.
By enacting section 766.101(5), Florida Statutes (1997), our legislature recognized the importance of attaching confidentiality to the work of hospital staff peer review committees. See Holly v. Auld, 450 So.2d 217 (Fla.1984); Century Medical Centers, Inc., v. Marin, 686 So.2d 606 (Fla. 3d DCA 1996); rev. denied, 695 So.2d 698 (Fla. 1997). The law is already settled that a hospital review committee's documentation delineating a physician's hospital staff privileges *1223 is protected from discovery under the statute. See Cruger v. Love, 599 So.2d 111 (Fla.1992). We now hold that this protection extends to deposition questions seeking to discover information concerning the actions taken by the committee.
We agree with Ms. Rountree's assertion that information does not become undiscoverable simply because it has been presented to the peer review committee. See Feldman v. Glucroft, 522 So.2d 798 (Fla. 1988). In fact, if available from original sources other than the committee, such information is discoverable. For instance, relevant documents, such as nurses' notes, are subject to discovery like any other medical records if they were generated outside the committee even if they were considered by the committee in its investigation or deliberations. Also, a fact witness may be required to testify as to what he or she saw or heard during a surgery, but could not be required to testify as to what was told to the peer review committee. See Mount Sinai Medical Center of Greater Miami, Inc. v. Bernstein, 645 So.2d 530 (Fla. 3d DCA 1994). Thus, during her deposition questioning Ms. Rountree was authorized to ask Dr. Overcash to describe the detail of her cholecystectomy because his answers to such questions would constitute original information.
However, the questions included in the trial court's discovery order do not seek original information as contemplated by the exception contained in section 766.101(5), because Dr. Overcash's knowledge of the reasons for his suspension could only have come from information obtained from the peer review committee. The fact that Dr. Overcash was under review by the committee does not remove or waive the limited protection against discovery provided in section 766.101(5). See Columbia Park Medical Center, Inc. v. Gibbs, 23 Fla. L. Weekly D2362 (Fla. 5th DCA October 23,1998).
Petition for Writ of Certiorari GRANTED; discovery order QUASHED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to article V, section 4(b) of the Florida Constitution. See Caterpillar Industrial, Inc. v. Keskes, 639 So.2d 1129 (Fla. 5th DCA 1994); Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245 (Fla. 5th DCA 1990).
[2] See Bay Medical Center v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).