732 So.2d 49 (1999)
PARACELSUS SANTA ROSA MEDICAL CENTER, etc., Petitioner,
v.
Peggy M. SMITH and James Smith, Sr., etc., et al., Respondents.
No. 99-431.
District Court of Appeal of Florida, Fifth District.
May 21, 1999.
*50 Brian P. Knight of Conroy, Simberg & Ganon, P.A., Hollywood, for Petitioner.
Kim E. Bouck of Chanfrau, Chanfrau & Bouck, Daytona Beach, for Respondents.
W. SHARP, J.
Paracelsus Santa Rosa Medical Center, d/b/a Peninsula Medical Center (Peninsula) petitions for certiorari review of the trial court's order which denied Peninsula's motion for a protective order in a medical malpractice suit. The discovery order requires a co-defendant doctor's professional association to produce documents relating to staff privileges and employment records of two doctors in the professional association (Dr. Evans and Dr. Marshall). Dr. King performed the surgery on the plaintiff, Smith, which allegedly caused the injuries involved in this suit. We grant the writ in part.
The notice served on the professional association sought the following:
The full and complete files maintained by Evans, Marshall & King, D.O., P.A., regarding Richard D. Evans, D.L. and Keith N. Marshall, D.O., including but not limited to their employment files, their personnel files, their staff privileges file, certifications, applications for privileges to area hospitals, CME's, etc.
Peninsula filed a motion for protective order asserting the privilege over documents relating to staff privileges and credentialing pursuant to sections 395.019(8) and 766.101(5), Florida Statutes. The trial court denied the motion on the ground that the documents were requested from the original source, not the hospital, and therefore they are not immune from discovery.
Sections 766.101(5) and 395.011, Florida Statutes, protect documents considered by a peer review committee or board as part of its decision-making process. A doctor's applications for staff privileges is a record of the committee for purposes of the statutory privilege. Cruger v. Love, 599 So.2d 111 (Fla.1992). However, the court in Cruger noted that a plaintiff could obtain a copy of the application for privileges from the doctor. Thus that part of the discovery order is proper.
However, the plaintiff's request for the staff privileges files might encroach on the peer review privilege because some of the documents in the file logically will have been provided to the doctor by Peninsula. The privilege continues even though Peninsula has provided copies of privileged documents to non-committee doctors. See Columbia Park Medical Center v. Gibbs, 728 So.2d 373, 1999 WL 162141 (Fla. 5th DCA 1995) (GIBBS II); Columbia Park Medical Center v. Gibbs, 723 So.2d 294 (Fla. 5th DCA 1998) (Gibbs I); Munroe Regional Medical Center v. Rountree, 721 So.2d 1220 (Fla. 5th DCA 1998). See also, Boca Raton Community Hospital v. Jones, 584 So.2d 220 (Fla. 4th DCA 1991); Love v. Cruger, 570 So.2d 362 (Fla. 4th DCA 1990), approved, 599 So.2d 111 (Fla. 1992). If there is a question as to whether the staff-privileges files contain materials not covered by the privilege, the trial court *51 should hold an in camera inspection to determine whether they are protected by the peer review documents privilege.
Accordingly, we grant the petition for writ of certiorari and quash that portion of the discovery order relating to the order to produce the staff privilege files.
Petition for Writ of Certiorari GRANTED in part; DENIED in part.
COBB and HARRIS, JJ., concur.