782 So.2d 963 (2001)
Carlos IGLESIAS, M.D., Petitioner,
v.
IT'S A LIVING, INC., d/b/a Lipstik; William Ader, Jr.; Doctors' Hospital, Inc.; Cedars Medical Center; Kendall Regional Medical Center; et al., Respondents.
No. 3D00-3166.
District Court of Appeal of Florida, Third District.
April 25, 2001.
Ginsberg & Schwartz and Todd R. Schwartz, Miami; Samuel M. Spatzer, P.A., Coral Gables, for petitioner.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., and Bruce M. Trybus, Ft. Lauderdale, for William Ader, respondent.
Before GREEN, SHEVIN and SORONDO, JJ.

On Petition For Certiorari
SHEVIN, Judge.
Carlos Iglesias, M.D., petitions this court for a writ of certiorari to quash a trial court order requiring non-party hospitals to produce documents reflecting the status of Iglesias's hospital privileges requested by defendants, It's A Living, Inc., and William Ader, Jr. We have jurisdiction, Miami Heart Inst. v. Reis, 638 So.2d 530 (Fla. 3d DCA 1994). We grant certiorari and quash the order under review.
Iglesias was attacked, beaten, and injured while on the defendants' premises. Iglesias sued defendants to recover damages based on defendants' failure to provide adequate security. During discovery, defendants served subpoenas duces tecum on every hospital where Iglesias has, or has had, staff privileges. Iglesias and the hospitals objected to the discovery; the *964 trial court ordered the hospitals to produce the documents.
We hold that the court departed from the essential requirements of law in ordering the discovery and that immediate relief is appropriate. Documents created or considered by a hospital peer review or credentialing committee are privileged. Dade County Med. Ass'n v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979); Cruger v. Love, 599 So.2d 111 (Fla.1992). The privilege was created to encourage full candor in peer review proceedings, Cruger, at 114, and was "intended to prohibit the chilling effect of the potential public disclosure of statements made to or information prepared for and used by the committee in carrying out its peer review function." Id., at 115. Contrary to defendants' protestations, the information they seek from the hospitals falls within the purview of this privilege as a matter of public policy. Here, as in Hlis, in view of "`the overwhelming public interest in maintaining the confidentiality' of such records, the defendants [must make a] `showing of exceptional necessity' or of `extraordinary circumstances' which is required to justify their production." Hlis, 372 So.2d at 121 (citations omitted)(citing Bredice v. Doctors Hosp., Inc., 50 F.R.D. 249, 250-51 (D.D.C.1970). See Liberty Mut. Ins. Co. v. Wolfson, 773 So.2d 1272 (Fla. 4th DCA 2000)(quoting Hlis); Toyos v. Northwestern Mut. Life Ins. Co., 1 F.Supp.2d 1462 (S.D.Fla.1998); Martinez v. Provident Life & Acc. Ins. Co., 174 F.R.D. 502 (S.D.Fla. 1997)). Defendants made no such showing in this case. The court departed from the essential requirements of law in ordering the discovery.
Certiorari granted, order quashed.