957 So.2d 590 (2007)
BRANDON REGIONAL HOSPITAL, Petitioner,
v.
Maria MURRAY, et al., Respondents.
No. SC05-1864.
Supreme Court of Florida.
May 10, 2007.
William Jeremiah Tolton, III, Randy J. Ogden, and J. Russell Smith of Ogden and Sullivan, P.A., Tampa, Florida, and Steven J Wisotsky of Zuckerman Spaeder, LLP, Miami, Florida, for Petitioner.
George A. Vaka of Vaka, Larson and Johnson, P.L., Tampa, Florida, Edwin P. Krieger, Tampa, Florida, Christopher J. Schulte and Thomas M. Hoeler of Burton, Schulte, Weekley, Hoeler, McLaughlin and Beytin, P.A., Tampa, Florida, for Respondents.
ANSTEAD, J.
Petitioner, Brandon Regional Hospital, seeks review of the decision in Brandon Regional Hospital v. Murray, 910 So.2d 880 (Fla. 2d DCA 2005). We have jurisdiction based upon express and direct conflict with other district court decisions. See art. V § 3(b)(3), Fla. Const. We approve the result of the district court decision below, and hold that a claimant in a medical malpractice case is entitled to discovery of the privileges granted to a physician by a hospital, but is not entitled to the actual records of the credentials committee within the hospital that may have been involved in the process of determining those privileges.

Proceedings to Date
Maria and Daniel Murray (the Murrays) instituted a medical malpractice action against Brandon Regional Hospital (Brandon) and others under chapter 766, Florida Statutes (2001). The Murrays allege that a physician on staff at Brandon, Dr. Wayne S. Blocker, was not properly credentialed by the hospital to perform the surgical procedures Mrs. Murray underwent *591 at Brandon. Mrs. Murray now alleges these procedures were negligently performed and resulted in her injuries. The Murrays seek to hold Brandon responsible for Mrs. Murray's injuries.
During discovery, the Murrays moved to compel Dr. Blocker to produce the list of privileges that he was granted through the hospital's credentialing process, which included consideration by Brandon's peer review credentials committee. Brandon and Dr. Blocker objected to production of the list, and Brandon sought a protective order under sections 395.0191 and 766.101, Florida Statutes (2001). The trial court denied the motion and ordered production of the list, finding that the list constituted a final report as described in Bayfront Medical Center, Inc. v. State Agency for Healthcare Administration, 741 So.2d 1226, 1229 (Fla. 2d DCA 1999), and was not entitled to the confidentiality protection provided by sections 766.101 and 395.0191, Florida Statutes (2001). Brandon challenged this order by a petition for certiorari review to the Second District. In its decision, while acknowledging conflict with other district court decisions, the Second District agreed with the trial court and denied relief. The opinion concluded:
The trial court found that the list is not protected from disclosure. We agree and deny the petition on the authority of Bayfront Medical Center, Inc. v. State Agency for Healthcare Administration, 741 So.2d 1226 (Fla. 2d DCA 1999). But see Iglesias v. It's a Living, Inc., 782 So.2d 963 (Fla. 3d DCA 2001); Columbia Park Med. Ctr., Inc. v. Gibbs, 728 So.2d 373 (Fla. 5th DCA 1999); Columbia Park Med. Ctr. v. Gibbs, 723 So.2d 294 (Fla. 5th DCA 1998); Boca Raton Cmty. Hosp. v. Jones, 584 So.2d 220 (Fla. 4th DCA 1991).
Murray, 910 So.2d at 881. This Court subsequently granted review based on the Second District's decision being in express and direct conflict with other district court decisions, including those cited in the opinion.

ANALYSIS
This Court has acknowledged that the Legislature, as part of an effort to control the escalating costs of health care in the state, has enacted legislation to encourage self-regulation by the medical profession through peer review and evaluation. Holly v. Auld, 450 So.2d 217, 219-20 (Fla. 1984) (interpreting former section 768.40(4), the predecessor to section 766.101). As part of this scheme to encourage self-regulation the Legislature has also extensively provided for confidentiality of these peer review proceedings. The peer review statutes provide, in relevant part, that the investigations, proceedings, and records of a peer review committee are not subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters that are the subject of evaluation and review.[1] §§ 395.0191(8), 766.101(5), Fla. Stat. (2001). The issue before this Court is whether a list generated by a hospital, which includes a peer review committee recommendation delineating the privileges given to a member of a hospital staff, is protected from discovery under the confidentiality provisions of sections 395.0191 and 766.101, Florida Statutes.[2]
*592 The Court's interpretation of the history of these statutes thus far has been to err on the side of protecting the confidentiality of the peer review process. For example, in Cruger v. Love, 599 So.2d 111, 114 (Fla. 1992), we interpreted the language of the statutes to include not only documents or records produced by a peer review committee, but also documents considered by the committee as part of its decision-making process. Cruger specifically rejected the holding in Jacksonville Medical Center, Inc. v. Akers, 560 So.2d 1313 (Fla. 1st DCA 1990), that physicians' applications and supporting documentation seeking hospital privileges were not included in the privilege from disclosure. Cruger, 599 So.2d at 114.
The district courts have followed our lead. In Iglesias v. It's a Living, Inc., 782 So.2d 963 (Fla. 3d DCA 2001), the Third District, relying on our decision in Cruger, held that "[d]ocuments created or considered by a hospital peer review or credentialing committee are privileged." 782 So.2d at 964 (citing Dade County Med. Ass'n v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979); Cruger, 599 So.2d at 111). The Fifth District has also explicitly interpreted the confidentiality privilege in the peer review statutes to include a physician's application for privileges and the documents issued by the committee outlining those privileges. Columbia Park Med. Ctr., Inc. v. Gibbs, 728 So.2d 373 (Fla. 5th DCA 1999) (extending its ruling in Columbia Park Med. Ctr., Inc. v. Gibbs, 723 So.2d 294 (Fla. 5th DCA 1998)). The Fourth District issued a similar holding in Boca Raton Community Hospital v. Jones, 584 So.2d 220 (Fla. 4th DCA 1991). Hence, district court case law in Florida has uniformly denied discovery of documents created by a peer review committee in civil litigation under sections 766.101 and 395.0191, Florida Statutes.

SECOND DISTRICT
In Bayfront Medical, the Second District considered the issue of whether the Agency for Healthcare Administration (AHCA) was entitled to access certain peer review documents in the exercise of its regulatory duties. 741 So.2d at 1226. After quoting extensively from both the statutes outlining the regulatory scheme for AHCA and the statutes granting confidential status to the peer review process, the district court reversed in part a trial court order upholding the validity of an agency subpoena. Id. at 1227-29. The court held that the trial court erred in ordering production of the minutes of the hospital's department of surgery because those documents were protected by sections 395.0193(7) and 766.101(5), Fla. Stat. (1997). Id. at 1226.[3] However, the Second *593 District concluded that while the records of the investigative portion of the peer review panel are privileged and protected from disclosure, the report of the results of the investigation by the peer review panel do not carry the same privilege:
However, the report of the results of such "peer review" investigations, as contrasted to the actual records of the investigative procedures of the "peer review" panel, is not clothed with the same privilege. Appellee's subpoena sought the following from Appellant:
The minutes of the department of surgery meeting in which the care of [Ms. Jane Doe] on March 25, 1997, was discussed along with any recommendations and corrective action which resulted from such discussions.
We reverse the summary judgment entered below insofar as it approved the subpoena requiring production of the minutes of the meeting of the department of surgery. That portion of the subpoena directed toward the recommendations and corrective action taken are not privileged from discovery by Appellee.

741 So.2d at 1229 (second and third emphasis added). In Murray, the Second District extended the Bayfront Medical ruling permitting access by AHCA to recommendations and corrective action by a peer review committee to also permit discovery in private civil litigation of the results of the peer review process, in this case the committee's action recommending approval of the grant of certain practice privileges in the hospital. Murray, 910 So.2d at 881.

Peer Review Records
Section 395.0191(8), Florida Statutes (2001), provides:

The investigations, proceedings, and records of the board, or agent thereof with whom there is a specific written contract for the purposes of this section, as described in this section shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board, and no person who was in attendance at a meeting of such board or its agent shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such board or its agent or as to any findings, recommendations, evaluations, opinions, or other actions of such board or its agent or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because *594 they were presented during proceedings of such board; nor should any person who testifies before such board or who is a member of such board be prevented from testifying as to matters within his or her knowledge, but such witness cannot be asked about his or her testimony before such a board or opinions formed by him or her as a result of such board hearings.
(Emphasis added.)
Similarly, section 766.101(5), Florida Statutes (2001), provides:

The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his or her knowledge, but the said witness cannot be asked about his or her testimony before such a committee or opinions formed by him or her as a result of said committee hearings.
(Emphasis added.) These statutes provide express protection both to the "records" of the peer review committee, and to the "findings, recommendations, evaluations, opinions, or other actions of such committee." Contrary to the conclusion and opinion of the Second District below, we conclude these provisions render as confidential a record of a peer review committee containing its recommendations.
We further conclude that the reasoning in Bayfront Medical cannot be extended to civil malpractice litigation. Unlike the parties seeking access to documents submitted to, reviewed by, or created by the peer review committees in the other cases discussed, AHCA has been granted explicit statutory authority to inspect most records at licensed healthcare facilities. 741 So.2d at 1226. AHCA has been granted access to certain records by virtue of its statutory duty to review disciplinary actions at licensed medical facilities. The Second District, recognizing this duty, nevertheless has limited AHCA's inspection to records that are not part of the investigative portion of a facility's peer review panel, while allowing access to the final actions of the panel. On the other hand, the confidentiality provisions of the statutes set out above remain operative as to civil litigation outside the regulatory context.

Hospital Records
However, notwithstanding the hospital's claim that the records of its peer review committees are not subject to discovery, it concedes that the Murrays are entitled to discovery of the medical privileges the hospital may have granted to Dr. Blocker at any given time. The hospital acknowledges, and we agree, that there is nothing in the legislative scheme for peer review that would prevent a patient from securing such information from a hospital that has granted a physician practice privileges within the hospital, even though a portion *595 of the process for determining the privileges to be granted may involve a peer review committee. The availability of such information would appear fundamental and essential to any patient's decision to consent to a medical procedure to be performed by a physician in the hospital.
We find nothing in the statutory scheme protecting the internal activities of a peer review committee and its records that would exempt a hospital from disclosure of its decision to grant or deny certain practice privileges to a physician. Similarly, while the statutory scheme grants explicit protection to peer review committee records, there is no such statutory protection extended to separate hospital records that may contain information provided by or partially based upon peer review committee action. Indeed, because the focus of the dispute in this case has been on discovery of the practice privileges granted by the hospital to the physician, there does not appear to have been a discrete judicial determination as to whether the document produced in this case is a hospital record or a peer review committee record.

CONCLUSION
Accordingly, because we conclude that the information ordered disclosed by the trial court and the district court is not protected from disclosure, we approve of the result of the district court's decision as explained above, but we do not approve its reasoning.
It is so ordered.
WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, C.J., concurs in result only.
NOTES
[1] However, the statutory scheme also provides that information, documents, or records otherwise available from original sources are not immune to discovery merely because they were presented during the proceedings of the committee.
[2] In November 2004, the Florida Constitution was amended to provide for other access to medical records. See art. X, § 25, Fla. Const. Subsequent rulings have disagreed whether the amendment applies retroactively, and this Court has granted review. See Notami Hosp. of Fla., Inc. v. Bowen, 927 So.2d 139 (Fla. 1st DCA 2006); Florida Hosp. Waterman, Inc. v. Buster, 932 So.2d 344 (Fla. 5th DCA 2006); review granted, 926 So.2d 1269 (Fla.2006). Because this amendment was not raised as an issue in the trial or appellate proceedings herein, we express no view as to application of this amendment to this litigation.
[3] The court stated:

The access provided by section 395.0197(11) is limited to that pertaining to the "risk management" program. "Peer review" is a separate process under which the peer review panel investigates and determines whether grounds for discipline exist with respect to a staff member or physician. The peer review panel makes recommendations to the hospital governing board which then considers the recommendations and decides upon its action. We conclude that the records of the investigative portion of the peer review panel are privileged from disclosure by sections 395.0193(7) and 766.101(5). The courts of this state have consistently construed the privilege and confidentiality of "peer review" records in the broadest manner to protect the integrity of the "peer review" process. We are not persuaded to do otherwise. See Holly v. Auld, 450 So.2d 217 (Fla.1984); Cruger v. Love, 599 So.2d 111 (Fla.1992); All Children's Hosp., Inc. v. Davis, 590 So.2d 546 (Fla. 2d DCA 1991); Paracelsus Santa Rosa Medical Center v. Smith, 732 So.2d 49 (Fla. 5th DCA 1999); Munroe Regional Medical Center, Inc. v. Rountree, 721 So.2d 1220 (Fla. 5th DCA 1998); Variety Children's Hosp. v. Mishler, 670 So.2d 184 (Fla. 3d DCA 1996); Century Medical Centers, Inc. v. Marin, 686 So.2d 606 (Fla. 3d DCA 1996), review denied, 695 So.2d 698 (Fla.1997); Palm Beach Gardens Comm. Hosp., Inc. v. O'Brien, 651 So.2d 783 (Fla. 4th DCA 1995); Mount Sinai Medical Center v. Bernstein, 645 So.2d 530 (Fla. 3d DCA 1994); Bay Medical Center v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).
741 So.2d at 1229 (emphasis added).