678 So.2d 408 (1996)
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY d/b/a Tampa General Hospital, Petitioner,
v.
Ricardo LOPEZ, as Personal Representative of the Estate of Ryan Lopez, deceased, and on behalf of Ricardo Lopez and Ada Lopez, individually, Respondents.
No. 95-04859.
District Court of Appeal of Florida, Second District.
July 19, 1996.
Rehearing Denied August 21, 1996.
*409 Michael N. Brown and Steven F. Thompson, of Allen, Dell, Frank and Trinkle, Tampa, for Petitioner.
David F. Kelly, Jr., of Searcy, Denney, Scarola, Barnhart and Shipley, P.A., West Palm Beach, for Respondents.
PER CURIAM.
Hillsborough County Hospital Authority seeks certiorari review of a trial court order which authorizes the use of a medical review committee record in discovery proceedings as well as at trial. Petitioner is a public hospital defending itself against a claim of medical malpractice. A medical review committee, as defined by section 766.101(5), Florida Statutes (1995), created the record in question and sent copies of it to certain physicians. In response to a request to produce, the record was provided to the respondents by one of the physicians. Petitioner filed a motion in limine to prevent respondents from using the record in discovery proceedings or at trial. The trial court denied the motion in limine based on a finding that "the Hospital voluntarily disclosed these documents to numerous individuals outside the Hospital including one of the Plaintiff's treating physicians as a matter of courtesy. The Plaintiff thereafter received these documents from the Plaintiff's treating physician. Therefore, the Hospital has waived any claim of privilege as to these documents because of its voluntary disclosure."
Section 766.101(5) contains the following explicit language protecting the proceedings and records of medical review committees from discovery or introduction into evidence in civil actions against a provider of health services:
The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof.
§ 766.101(5), Fla. Stat. (1995). This section provides absolute immunity from use of the record in question only in "any civil or administrative action" against the hospital, such as the pending medical malpractice action. It does not preclude other uses. The issue is not "confidentiality" of the records but immunity from use. Therefore, the fact that the hospital disclosed the protected record to persons outside the committee does not remove or waive the limited immunity from use provided by the statute.
The trial court departed from the essential requirements of law by allowing the record to be used against the hospital. Loss of the statutory protection cannot be remedied on direct appeal because the use of the record in discovery against the hospital cannot then be cured. Therefore, we grant the petition for writ of certiorari and quash the trial court order denying the motion in limine with directions that the motion be granted.
CAMPBELL, A.C.J., and FULMER, J., concur.
BLUE, J., dissents with opinion.
*410 BLUE, Judge, dissenting.
I respectfully dissent. I would dismiss the writ for failure to meet the jurisdictional standard for certiorari set out in Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995), and Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). I agree that the trial court's ruling departs from the essential requirements of law. This, however, is only the first test the certiorari petition must pass before there is entitlement to appellate relief. The petitioner has not demonstrated that the nonfinal order of the trial court will result in material injury for the remainder of the trial that cannot be corrected on postjudgment appeal.