MURRAY, Judge.
This appeal arises out of a claim for worker’s compensation death benefits filed by Sandra Crawford, widow of Van Crawford. Summary judgment was granted in favor of Mr. Crawford’s employer, Martin Marietta, and this appeal ensued. For the following reasons, we affirm.

FACTS:

On April 14, 1994, Van Crawford asked his supervisor, Darrel Smith, to make an appointment for him with the Employee Assistance Program (EAP) counselor. Mr. Smith testified in his deposition that he had not noticed any change in Mr. Crawford’s demeanor or work product prior to that time. However, because it was out of the ordinary for his employees to request such an appointment, he felt it was important for Mr. Crawford to get an appointment as quickly as possible. The counselor was not available to see Mr. Crawford that day, but could see him the next day. Mr. Smith testified that he asked Mr. Crawford if the next day was soon enough, and Mr. Crawford said yes. Ms. IzAugust, the EPA office secretary, testified that she inquired of Mr. Smith whether it was an emergency. The record is not clear as to what Mr. Smith responded. Mr. Crawford returned to Mr. Smith’s office on the afternoon of April 14, and asked that the appointment be cancelled because he had gotten the information he needed from the benefits office. Mr. Smith explained that he found nothing unusual about this because the EAP office also counseled employees on financial matters. Tragically, on the evening of April 14, upon arriving home from work, Mr. Crawford went into his bedroom and shot himself with a handgun. His wife heard the gunshot and found him already dead.[1]
Mr. Crawford’s widow, Sandra, filed a disputed claim for compensation claiming that a dispute existed as to whether Mr. Crawford’s injury/death was work related. Martin Marietta filed a motion for summary judgment claiming that La.Rev.Stat. 23:1081 barred recovery under the Workers’ Compensation Act because Mr. Crawford had committed suicide, and there was no proof that his suicide was work-related. Summary judgment was granted, and this appeal followed.

DISCUSSION:

Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Facts are material when their existence or nonexistence may be essential to plaintiff’s cause of action under the applicable theory of recovery. Smith, supra.
Louisiana Code of Civil Procedure art. 966 C provides:
13(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to materi *783 al fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Martin Marietta asserted in its motion for summary judgment that Mrs. Crawford could not prove that her husband’s alleged mental injury was the result of a sudden, unexpected and extraordinary stress related to an employment event so as to make the injury compensable under La.Rev.Stat. 23:1021(7)(b). Thus, the issue to be resolved is whether Mr. Crawford suffered a mental injury as a result of work-related mental stress, as defined by La.Rev.Stat. 23:1021(7) (b).
In Sparks v. Tulane Medical Center Hosp. and Clinic, 546 So.2d 138 (La.1989), and Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989), the Supreme Court considered “whether a mental injury induced by mental stress is compensable when it is caused by a significant employment incident and is not accompanied by any apparent signs of physical trauma.” Sparks, 546 So.2d at 139. The Court held that such an injury, sometimes referred to as a “mental-mental” injury, is compensable when there is sufficient evidence to support that an identifiable, unusual and dramatic event caused the disabling mental condition. The Court emphasized that a mental injury related to general conditions of employment, or to incidents occurring over an extended period of time, would not |4entitle a claimant to eom-pensation. “The mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently.” Id. at 147.
In response to Sparks and Williams, the legislature amended La.Rev.Stat. 23:1021(7) to incorporate the requirement that a claimant prove by clear and convincing evidence that a mental injury resulted from an accident related to employment.[2] See Cressionnie v. Fisk Electric, 93-931 (La.App. 5 Cir. 2/14/96), 671 So.2d 3; Renter v. Willis-Knighton Med. Ctr., 28589, 28590, p. 6 (La. App.2d Cir. 8/23/96), 679 So.2d 603, 607. La. Rev.Stat. 23:1021(7) now provides, in pertinent part:
(b) Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
* * * * * *
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
The 1989 legislation also amended the definition of “accident” to provide that an accident is “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.Rev.Stat. 23:1021(1).
15Mrs. Crawford testified that her husband was under a great amount of stress for several years preceding his death because of a *784 fear of being laid off. He had been laid off. once since being hired in 1981. Although Mr. Crawford had been called back to work, his wife testified that he feared that, because of his age, he would not be rehired if he was laid off again. In the six months immediately prior to his death, he would not eat properly and could not sleep. He was withdrawn, quiet, and “not his laughing, joking self.” Mrs. Crawford encouraged him to seek counseling; finally he promised to contact the counselor at work. She contends that these facts thus prove that her husband’s stress was work-related, arguing that the “accident” in this case was the failure of the EAP office to meet with her husband on the day of his death. The rejection by the counselor was, in essence, “the straw that broke the camel’s back,” and pushed her husband over the edge.
We do not find that the failure of the EAP office to schedule an appointment for Mr. Crawford qualifies as an accident under the statute. In Sparks, the Supreme Court explains the types of incidents that qualify as an accident.
Among the cases involving work-related disabilities which appear to be essentially mental in nature, there are a number of examples of the type of sudden and unusual event which can truly be considered an “accident.” See, e.g., Bailey v. American General Ins. Co., supra (plaintiff watched co-employee fall to death after collapse of scaffold); Sutherland v. Time Saver Stores, Inc., supra (robbery and fear of imminent sexual abuse); Davis v. Oilfield Scrap & Equipment Co., 482 So.2d 970 (La.App. 3rd Cir.1986) (co-employee suicide, ... ). In cases involving such readily identifiable, unusual and dramatic events, compensation is appropriate when there is sufficient evidence that the sudden event caused the disabling mental condition. On the other hand, absent an identifiable accident of this type, an employee’s general allegation that he is unable to work due to stress or tension caused by working conditions would not give rise to a compensable claim.
Sparks, supra at 147. Not scheduling an appointment, especially when there was no indication of an emergency, simply does not qualify as an accident under the statute. Rather, the evidence supports the fact that Mr. Crawford’s death was the result of a gradual deterioration or progressive degeneration of his mental condition related to general conditions of employment, i.e., his fear of being fired. As stated above, mental injuries related to general conditions of employment are not compensable. Id. Nor was Mr. Crawford diagnosed with a mental injury or illness by a licensed psychiatrist or psychologist as required by La.Rev.Stat. 23:1021(7)(d) in order for a mental injury to be compensable. Mrs. Crawford did introduce the report of Dr. M. Carmen Palazzo, who opined that Mr. Crawford had no preexisting psychiatric problems prior to his suicide. However, Dr. Palazzo, who did not treat Mr. Crawford prior to his death and based her opinion on a reading of the depositions, the petition, and the EAP policy and procedure manual, did not diagnose him as suffering from a mental illness. Instead, she concludes that Martin Marietta breached a duty it owed to Mr. Crawford in failing to counsel him. Therefore, Dr. Palazzo’s report does not satisfy the statutory requirement that a mental injury or illness be diagnosed.
Mrs. Crawford argues that Broussard v. Hollier Floor Covering, Inc., 602 So.2d 1023 (La.App. 3 Cir.1992), supports her position that “severe depression” as the result of any injury is a mental disease because Broussard, as the case at bar, involves the uncertain and unknown thoughts and actions of a suicidal person. She contends that these uncertain and unknown circumstances are genuine issues of material fact that should be determined at a trial on the merits.
While Mrs. Crawford is correct that Broussard involved a suicide, that is the only common ground that case shares with Mr. Crawford’s situation. In ^Broussard the experts for both plaintiff and defendant testified that, what ultimately caused Mr. Brous-sard’s suicide was severe depression that was related directly to his back injury caused by a work-related accident, and his failure to respond to treatment. Consequently, his suicide was caused by a mental disease or defect (depression) that resulted from his work *785 related back injury, and, therefore, was com-pensable. Unlike Mr. Broussard, no licensed psychiatrist or psychologist has diagnosed Mr. Crawford as suffering from a mental disease or defect, let alone a mental disease or defect related to a readily identifiable, unusual and dramatic work-related event.
Martin-Marietta successfully pointed out a lack of factual support for essential elements of Mrs. Crawford’s claim. The burden then shifted to her to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial in order to establish a genuine issue of material fact. The evidence offered by Mrs. Crawford, excerpts of the deposition of Sandra Crawford and Darrel Smith, and Dr. Palazzo’s report, did not satisfy that burden, and summary judgment was appropriate.
Because we find that summary judgment was appropriate as to the above issue, we need not reach the issue of a defense under La.Rev.Stat. 23:1081.
AFFIRMED.

. The recited facts are drawn only from the record before us. Both briefs contain additional facts, and the record indicates that numerous depositions were taken in this matter. However, only brief excerpts from a few depositions are contained in the record. We cannot consider that which is not in the record.

. La. Acts 1989, No. 454, § 1.