723 So.2d 294 (1998)
COLUMBIA PARK MEDICAL CENTER, INC., Petitioner,
v.
Kevin GIBBS, etc., et al., Respondents.
No. 98-1978.
District Court of Appeal of Florida, Fifth District.
October 23, 1998.
Rehearing Denied January 11, 1999.
Amy D. Shield of Haliczer, Pettis & White, P.A., Fort Lauderdale, for Petitioner.
*295 H. Clay Parker, IV of Parker, Burke, Landerman & Parker, P.A., Orlando, for Respondents.
W. SHARP, Judge.
Columbia Park Medical Center, Inc. (Columbia) petitions this court for certiorari review of the trial court's discovery order, which compels Dr. George Ellis, an employee of Columbia, to produce copies of documents which outline the hospital privileges currently held by two doctors at Columbia. Columbia contends the documents are privileged pursuant to sections 766.101(5) and 395.0191(8), Florida Statutes. We agree and grant the writ.
The record discloses that respondents, Kevin Gibbs, et al. (Gibbs), filed a medical malpractice suit against Columbia for the death of his wife, Judy Gibbs, while being treated by Drs. Einhorn and Kantounis at Columbia. Gibbs filed a notice of taking a deposition duces tecum of Dr. Ellis, an employee of Columbia in the Quality Management Department. It included:
2. A copy of any documents provided to Drs. Arnold Einhorn and Louis Kantounis outlining privileges currently held at defendant hospital.
Columbia objected to the request on five grounds, one of which included the "peerreview" privilege provided in section 766.101(5), Florida Statues. The trial court overruled this objection on the ground that the materials requested are no longer privileged when they are given to the doctors, who are not on the committee, for the purpose of advising the doctors of the privileges they may have at Columbia. Gibbs further contends that the documents have lost their privileged status because they are intended to be made public and were made available to individuals who were not members of the peer review committee.
Section 766.101(5) provides:
The investigations, proceedings and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof.
In Hillsborough County Hospital Authority v. Lopez, 678 So.2d 408 (Fla. 2d DCA 1996), rev. denied, 689 So.2d 1070 (Fla.1997), the court held that a hospital's disclosure of medical review committee documents to physicians not on the committee, did not remove or waive the limited immunity of that record from discovery or introduction into evidence in a civil action. In Lopez, a health care provider (hospital) was defending itself from a claim of medical malpractice. A medical review committee created documents, copies of which were sent to certain physicians. In response to a discovery request, one of the doctors provided the documents to the plaintiff. The hospital moved to suppress the documents. The trial court denied the motion to suppress on the basis that the hospital waived any privilege claim as to the documents by voluntarily disclosing the documents to individuals not on the committee. The Second District Court quashed the order holding that the disclosure of the protected documents to physicians not on the committee did not remove or waive the immunity provided by statute.
Gibbs contends that Lopez is distinguishable because the court did not delineate what type of documents were released and the documents outlining the doctors' current hospital privileges in the instant case could be different from the documents released in Lopez. This contention is misplaced. The courts in Boca Raton Community Hospital v. Jones, 584 So.2d 220 (Fla. 4th DCA 1991) and Love v. Cruger, 570 So.2d 362 (Fla. 4th DCA 1990), approved, 599 So.2d 111 (Fla. 1992) have held that committee reports, including documentation that a physician was given staff privileges and delineating the privileges extended, are privileged from discovery. *296 The lack of specificity as to the exact nature of the record in Lopez does not create a meaningful distinction. Accordingly we grant the petition for certiorari and quash the discovery order.
Petition for Writ of Certiorari GRANTED; Discovery Order QUASHED.
COBB and ANTOON, JJ., concur.