785 So.2d 714 (2001)
HUMANA MEDICAL PLAN, INC., Petitioner,
v.
Brunhildie ERDELY, Respondent.
No. 4D01-70.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Gary S. Genovese of Conrad & Scherer, Fort Lauderdale, for petitioner.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, and Law Offices of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
Petitioner Humana Medical Plan, Inc. seeks certiorari relief of a nonfinal order of the circuit court, which granted Respondent Brunhildie Erdely's Request for Production. We grant the petition and quash the order below.
Brunhildie Erdely sued her HMO, Humana Medical Plan, Inc. and her physicians for breach of contract, medical malpractice, vicarious liability and negligent hiring. Pursuant to Respondent's discovery request, the physicians produced a Memorandum of Agreement between the physicians and Petitioner. The Memorandum incorporated by reference the physicians' application to Humana. In a request for production directed to Petitioner, Respondent requested the application referenced in the Memorandum. Petitioner objected on grounds that the application was protected by the peer review and credentialing privileges under section 766.101(5), Florida Statutes. After a hearing, the trial court overruled the objection, determined the application was not protected or privileged under section 766.105 and ordered Petitioner to produce the application. The trial court overruled Petitioner's objection because it believed that unlike hospital staff privilege applications, applications to provide services as an HMO were not privileged. Furthermore, the trial court concluded discovery should be granted because the documents would be obtained one way or the other.
We disagree with the trial court. Section 766.101(2), Florida Statutes (2000) requires *715 HMO's to form a medical review committee to screen, evaluate, and review the professional and medical competence of applicants to, and members of, its medical staff.[1] The legislature provided confidentiality in the peer review process by insulating the investigations, proceedings, and records of a committee, panel or governing board performing medical review functions from discovery and making them inadmissible as evidence in any civil or administrative action against a provider of health services. § 766.101(5), Florida Statutes, provides:
(5) The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee .... However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee....
(Emphasis added.) Both "committee" and "medical review committee," as these terms are used in the statute, include a health maintenance organization. § 766.101(1)(a)1.a.
In this action, Respondent sought the physician's application from Humana, a provider of professional health services. A physician's application is necessarily part of the "records" of a medical review committee and is privileged. See Cruger v. Love, 599 So.2d 111 (Fla.1992). In Cruger, the Supreme Court of Florida held:
[T]he privilege provided by sections 766.101(5) and 395.011(9), Florida Statutes, protects any document considered by the committee or board as part of its decision-making process. The policy of encouraging full candor in peer review proceedings is advanced only if all documents considered by the committee or board during the peer review or credentialing process are protected. Committee members and those providing information to the committee must be able to operate without fear of reprisal. Similarly, it is essential that doctors seeking hospital privileges disclose all pertinent information to the committee. Physicians who fear that information provided in an application might someday be used against them by a third party will be reluctant to fully detail matters that the committee should consider. Accordingly, we find that a physician's application for staff privileges is a record of the committee or board for purposes of the statutory privilege.
(Underlining added.) Id. at 113.
We agree with the Petitioner that the application may be available from the "original source" (the physician) and should be obtained from him. See Paracelsus Santa Rosa Med. Ctr. v. Smith, 732 So.2d 49 (Fla. 5th DCA 1999)(holding patient could obtain a copy of application for staff privileges from doctor, although application was record of peer review committee for purposes of statutory privilege from discovery). In Columbia Hosp. *716 Corp. of South Dade v. Barrera, 738 So.2d 505 (Fla. 3rd DCA 1999), the third district granted certiorari and quashed a lower court order directing a hospital to turn over the doctor's application for medical privileges. The Third District said,
Likewise, the material ordered produced in the instant case is protected by the statutory privilege provided in ... 766.101 Florida Statutes (1997). The documents sought may well be marked with comments by fellow physicians, and it is exactly these types of comments which must be protected in order to ensure that doctors speak freely and render meaningful opinions of their colleagues. See Miami Heart Inst. v. Reis, 638 So.2d 530 (Fla. 3d DCA 1994). The best source of the information is the doctor himself.
Id. at 506. The physician's application to the HMO may have been marked with comments from other physicians or medical professionals. Such applications should be obtained from the physicians themselves.
We are unpersuaded by the other arguments made by Respondent in her response to our order to show cause. Accordingly, we grant the petition and quash the order of the trial court requiring Petitioner produce the application of the physician.
STONE, POLEN and GROSS, JJ., concur.
NOTES
[1] That statute reads:

(2) A medical review committee of a hospital or ambulatory surgical center or health maintenance organization shall screen, evaluate, and review the professional and medical competence of applicants to, and members of, medical staff. As a condition of licensure, each health care provider shall cooperate with a review of professional competence performed by a medical review committee.