920 So.2d 711 (2006)
COLUMBIA/JFK MEDICAL CENTER LIMITED PARTNERSHIP d/b/a JFK Medical Center, Petitioner,
v.
Sam SANGUONCHITTE and Matilda Sanguonchitte, his wife, Respondents.
No. 4D05-3852.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Jennifer S. Carroll and David Noel of the Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, and Lawrence E. Burkhalter and Todd R. Ehrenreich of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Miami, for petitioner.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for respondents.
PER CURIAM.
Columbia/JFK Medical Center Limited Partnership d/b/a JFK Medical Center (JFK) petitions for certiorari review of a circuit court order directing JFK to produce certain documents contained in the credentialing file of Dr. Jacques Farkas. We grant the petition because the documents at issue fall within the peer review privilege set forth in sections 766.101(5) and 395.0191(8), Florida Statutes (2005).
Respondents, Sam and Matilda Sanguonchitte, sued JFK for negligent credentialing, breach of a non-delegable duty, and corporate liability. Their claims arose from an alleged negligent spinal surgery performed on Mr. Sanguonchitte by Dr. Farkas at JFK. According to respondents, JFK was negligent in allowing Farkas to perform surgery for which he was unqualified.
Respondents served JFK with interrogatories and a request to produce Dr. Farkas's credentialing file. JFK objected that the credentialing file is not subject to discovery because it falls within the statutory privilege in sections 766.101(5) and 395.0191(8), Florida Statutes (2005).
Section 766.101(5) provides that the investigations, proceedings, and records of a *712 medical review committee are not discoverable or admissible in evidence in a civil or administrative proceeding against a healthcare provider arising from matters that are the subject of evaluation and review by the committee. Section 395.0191(8) provides that the investigations, proceedings, and records of the board that decides staff membership and clinical privileges at a medical facility are not subject to discovery or admissible in evidence in a civil action against a healthcare provider for matters that are the subject of evaluation and review by the board. But if the information is otherwise available from original sources, it is not immune from discovery or inadmissible in a civil action simply because it was presented to the review committee or board.
JFK filed a privilege log listing 363 documents in Dr. Farkas's credentialing file. After reviewing the privilege log, respondents narrowed their request to produce to thirteen (13) specific documents in the file.
At a hearing on outstanding discovery issues, JFK provided these documents for an in camera inspection. The court concluded, in its omnibus order, that the requested credentialing documents are not privileged and ordered JFK to produce them.
JFK argues that under sections 766.101(5) and 395.0191(8), proceedings and records of a review committee or hospital licensing board relating to peer review and credentialing are not discoverable or admissible in a civil action against a healthcare provider. It contends that there is an overwhelming public policy in favor of maintaining the privilege to encourage self-regulation by the medical profession. Indeed, courts have relied on this policy alone in prohibiting inquiry into credentialing and peer review matters.
In Cruger v. Love, 599 So.2d 111 (Fla. 1992), the Florida Supreme Court observed that the legislature enacted these statutes in an effort to curb escalating costs of healthcare by encouraging self-regulation through peer review. The court recognized that the privilege is necessary to encourage candor in peer review proceedings and "[w]ithout the privilege, information necessary to the peer review process could not be obtained." Id. at 114. In addressing the scope of the privilege, the court concluded that, based on the legislative intent and the policy underlying the statutes, a doctor's application for staff privileges is protected by the statutes, even though it is not a record created by the board or review committee. The court held that these statutes protect any document that is considered by the review committee or board as part of its decision making process. Id. It noted, however, that if the material originated with an outside source, a party could still obtain the material from the source and it would not be privileged simply because it was introduced in peer review proceedings. Id.
We agree with JFK that the documents sought in this case, which are part of Dr. Farkas's credentialing file, are protected by the statutory peer review privilege. They are part of the credentialing and peer review process and directly relate to hospital staff membership privileges. These documents were used to determine what surgeries Dr. Farkas could perform and whether his performance warranted continued privileges.
We have consistently construed the peer review privilege broadly and declined to recognize an exception to section 766.101(5) even where the plaintiffs were suing for negligent credentialing and faced difficulty in proving their claim without access to peer review and hospital privilege documents. See Palm Beach Gardens Comty. Hosp., Inc. v. O'Brien, 651 *713 So.2d 783, 784 (Fla. 4th DCA 1995). We have concluded that a broad interpretation of section 766.101(5) is necessary to encourage frank peer review evaluations. See Tenet Healthsystem Hosps., Inc. v. Taitel, 855 So.2d 1257, 1258 (Fla. 4th DCA 2003) (holding as a matter of first impression that blank hospital forms that were used in evaluating nurses as part of the hospital's quality assurance and peer review were privileged under section 766.101(5), Fla. Stat.). As JFK points out, the documents at issue in this case go far beyond the blank forms in Tenet. The documents contain detailed information about Farkas's hospital privileges, his status and performance, and the investigations and records of the hospital's review committee.
Respondents acknowledge that in Boca Raton Community Hospital v. Jones, 584 So.2d 220 (Fla. 4th DCA 1991), we found that a physician's applications for staff privileges, reports of reviewing committees, and memoranda, correspondence and other documentation indicating that the doctor was given staff privileges at the hospital were protected by the statutory privileges.
Based on our review of the documents at issue, we conclude that they fall within the scope of section 766.101(5). Further, as we did in Boca Raton Community Hospital, we note that the "original source" exception to the peer review privilege allows respondents to obtain these documents from another source other than the credentialing file.
Petition granted.
STONE, SHAHOOD and TAYLOR, JJ., concur.