DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTH BROWARD HOSPITAL DISTRICT**
d/b/a **MEMORIAL HEALTHCARE SYSTEM,**
Petitioner,

v.

**DAVID M. FELDBAUM, M.D.,**
Respondent.

No. 4D20-1972

[June 2, 2021]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-17-006349 (14).

Thomas G. Aubin and David T. Coulter of Stearns Weaver Miller Wissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for petitioner.

Richard H. Levenstein, Abby M. Spears, and Noah B. Tennyson of Nason, Yeager, Gerson, Harris & Fumero, P.A., Palm Beach Gardens, for respondent.

PER CURIAM.

Petitioner South Broward Hospital District seeks certiorari review of a trial court order compelling production of documents relating to peer review and credentialing of Respondent Dr. David Feldbaum. We find that the documents at issue are immune from discovery and grant the petition.

## Background

Respondent is a vascular surgeon who held privileges to practice medicine at four of Petitioner's hospitals. Petitioner summarily suspended his staff privileges to prevent "an immediate threat to the well-being of patients and employees" of Petitioner.

Respondent agreed to attend a third-party fit-for-duty program at Acumen. He completed the evaluation and sought reinstatement of his clinical privileges. Petitioner's Credentials Committee and Medical

Executive Committee considered his application for reinstatement but upheld his suspension.

Respondent sued Petitioner for upholding his suspension for "economic motivations" rather than concern for patient safety.

Respondent served Petitioner with three requests for production seeking: (1) any and all minutes of credentialing committees, re-credentialing committees, Medical Executive Committee, and any other group relating to his suspension, (2) all correspondence between the aforementioned committees or any third parties relating to the suspension, and (3) all communications between Petitioner and Acumen.

Petitioner objected to each request arguing that they sought documents protected by the statutory peer review and credentialing discovery immunities in section 395.0193(8), Florida Statutes (2020), and provided the documents to the trial court for *in camera* inspection. Respondent filed a motion to compel, and the trial court held a hearing.

The trial court found that Petitioner had "only asserted privilege over documents that fit squarely within the categories delineated in [*Boca Raton Community Hospital v. Jones*, 584 So. 2d 220 (Fla. 4th DCA 1991)], and the peer review and credentialing statutes." Despite finding that the documents were protected, the trial court concluded that "[p]rivilege has been waived" as to certain documents and ordered production of (1) correspondence between Respondent and Petitioner, (2) the Acumen report along with peer review and credentialing documents provided to Acumen, and (3) portions of Petitioner's internal credentialing file.

## Analysis

"To obtain certiorari relief, a petitioner must demonstrate that the order departs from the essential requirements of law, that it causes material injury, and that the petitioner lacks an adequate remedy on appeal." *Dees v. Kidney Grp., LLC*, 16 So. 3d 277, 279 (Fla. 2d DCA 2009). "The third element of irreparable harm is a jurisdictional prerequisite for certiorari review." *Id.*

The trial court departed from the essential requirements of law by concluding that the statutory "privilege" could be waived. Producing these protected documents would be an irreparable harm that cannot be remedied on appeal.

2

The Florida Legislature "deemed it wise to encourage a degree of self-regulation by the medical profession through peer review and evaluation. The legislature also recognized that meaningful peer review would not be possible without a limited guarantee of confidentiality for the information and opinions elicited from physicians regarding the competence of their colleagues." *Holly v. Auld*, 450 So. 2d 217, 220 (Fla. 1984) (footnote omitted).

Chapter 395 controls the self-regulated "peer review" and "credentialing" processes. Documents relating to the peer review and credentialing processes are immune from discovery and introduction in a civil action. Section 395.0193(8), Florida Statutes (2020), provides in pertinent part:

> The **investigations, proceedings, and records** of the peer review panel, a committee of a hospital, a disciplinary board, or a governing board, or agent thereof with whom there is a specific written contract for that purpose, as described in this section **shall not be subject to discovery or introduction into evidence in any civil or administrative action** against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such group or its agent, and a person who was in attendance at a meeting of such group or its agent may not be permitted or required to testify in any such civil or administrative action as to any evidence or other matters produced or presented during the proceedings of such group or its agent or as to any findings, recommendations, evaluations, opinions, or other actions of such group or its agent or any members thereof.

§ 395.0193(8), Fla. Stat. (2020) (emphasis added). Sections 395.0193(8) and 395.0191(8) provide a nearly identical discovery immunity to peer review and credentialing processes, respectively.

The discovery immunity is applied broadly because "there is an overwhelming public policy in favor of maintaining the privilege to encourage self-regulation by the medical profession" and "courts have relied on this policy alone in prohibiting inquiry into credentialing and peer review matters." *Columbia/JFK Med. Ctr. Ltd. P'ship v. Sanguonchitte*, 920 So. 2d 711, 712 (Fla. 4th DCA 2006).

The trial court correctly determined that the documents at issue fall within the Chapter 395 protections but mistakenly concluded that Petitioner had somehow waived the discovery immunity. For example, the court's order notes that the Acumen report "indicates that the report will

be provided to Dr. Feldman's [sic] attorney for his defense . . . ."  Unlike other "privileges," the immunity provided by sections 395.0191(8) and 395.0193(8) is not waived when protected documents are disclosed.

In *Hillsborough County Hospital Authority v. Lopez*, 678 So. 2d 408 (Fla. 2d DCA 1996), the trial court ordered the production of a medical review committee's record because "the Hospital voluntarily disclosed these documents to numerous individuals outside the Hospital" and "[t]he Plaintiff thereafter received these documents from the Plaintiff's treating physician.  Therefore, the Hospital has waived any claim of privilege as to these documents because of its voluntary disclosure."  *Id.* at 409.

The Second District granted the Hospital's petition because section 395.0193(8)[1] "provides absolute immunity" from discovery.  *Id.*  "The issue is not 'confidentiality' of the records but immunity from use.  Therefore, the fact that the hospital disclosed the protected record to persons outside the committee does not remove or waive the limited immunity from use provided by the statute."  *Id.*; *see also Columbia Park Med. Ctr., Inc. v. Gibbs*, 723 So. 2d 294 (Fla. 5th DCA 1998) (quashing trial court order compelling discovery where peer review materials were disclosed to non-peer review committee doctors).

The fact that certain documents have already been provided to Respondent has no impact on the discovery immunity provided by sections 395.0191(8) and 395.0193(8).

Respondent argues that the discovery immunity should not apply because there was no peer review process.  He claims "there could not have been any peer review process in this matter . . . because [Respondent] was not permitted to return to practice."

Respondent raised this argument below, and the trial court properly rejected it since it found that all the documents at issue were covered under the statutory protections.  Documents produced after Respondent applied for reinstatement are part of credentialing, which is the process through which Florida hospitals "consider[] and act[] upon applications for staff membership or clinical privileges."  § 395.0191(5), Fla. Stat. (2020).  As noted above, the credentialing process is afforded the same discovery protections as the peer review process.

---

[1] Older cases refer to section 766.101(5), which was the predecessor to Chapter 395.

The trial court departed from the essential requirements of law by requiring the production of the protected documents. Loss of the statutory protection cannot be remedied on direct appeal because the use of the documents against the hospital cannot then be cured. We grant the petition for writ of certiorari and quash the trial court order requiring Petitioner to produce the immune documents.

*Petition granted.*

LEVINE, C.J., MAY and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***